# BERGER | HARRIS

PETER C. MCGIVNEY, ESQUIRE
E-mail: pmcgivney@bergerharris.com

January 3, 2020

**Via E-File**
Chief Judge Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

**RE:    Schwendimann et al. v. Neenah, Inc. et al., C.A. No.: 1:19-cv-00361-LPS;
Schwendimann et al. v. Siser North America, Inc., C.A. No.: 1:19-cv-00362-LPS;
Schwendimann et al. v. Siser North America, Inc., C.A. No.: 1:19-cv-1363-LPS;
Schwendimann et al. v. Neenah, Inc. et al., C.A. No.: 1:19-cv-1364-LPS**

Dear Judge Stark:

Pursuant to the Court's December 5, 2019 Oral Order (D.I. 23 in C.A. No. 19-361-LPS), the parties hereby submit the enclosed proposed scheduling orders for the Court's consideration. Where there are disagreements, the parties' proposals are shown in brackets. For the Court's convenience, the parties are also enclosing a chart showing each party's proposed deadlines.

In addition, counsel have met and conferred and have made good faith efforts to discuss, by telephone, each of the topics listed in the Case Management Checklist and will be prepared to address these topics at the Case Management Conference.

**Plaintiffs' Statement:**

Plaintiffs have filed four (4) cases in the U.S. District Court for the District of Delaware (Civ. Nos. 1:19-cv-00362-LPS, 1:19-cv-01363-LPS, 1:19-cv-00361-LPS, and 1:19-cv-01364-LPS), including two (2) cases against Defendant Siser North America, Inc. ("Siser") and two (2) cases against Defendants Neenah, Inc. ("Neenah") and Avery Dennison Corporation ("Avery"). The first set of cases, which Plaintiffs filed in February 2019, relate to patents regarding heat transfers for dark fabrics (Civ Nos. 1:19-cv-00362-LPS & 1:19-cv-00361-LPS) (hereinafter the "dark fabric transfer cases"). Plaintiff Schwendimann is a named inventor on this set of patents. The second set of cases, which Plaintiffs filed in July 2019, relate to patents regard heat transfers for light fabrics (Civ. Nos. 1:19-cv-01363-LPS & 1:19-cv-01364-LPS) (hereinafter the "light fabric transfer cases"). Plaintiff Schwendimann is **not** a named inventor on this set of patents.

A primary reason for the scheduling disputes between the parties is that Defendants propose consolidating all four of the cases – including the dark fabric transfer patent cases and the

The Honorable Leonard P. Stark
January 3, 2020
Page **2** of **6**

light fabric transfer patent cases – throughout discovery, claim construction, expert discovery, and trial.  Plaintiffs agree that the two dark fabric transfer cases should be consolidated; Plaintiffs also agree that the two light fabric transfer cases should be consolidated.  However, for numerous reasons, Plaintiffs believe it would be inappropriate to consolidate the dark fabric transfer cases with the light fabric transfer cases.  Primarily, this is because the dark fabric patent "actions before the court" do not "involve a common question of law or fact" with the light fabric patent actions.  Fed. R. Civ. P. 42(a).  Therefore, consolidation is improper.  *Id*.  Indeed, there is **no overlap** between the dark fabric transfer cases and the light fabric transfer cases as to the patents at issue, the inventors on the patents at issue, the technology at issue, the claim terms at issue, or the products at issue.  While the parties may be the same, that fact alone, plainly, does not create any "common question of law or fact" that would permit consolidation.  The factual and legal disputes in the two sets of cases will be distinct, including at claim construction, through expert discovery and Daubert motions, on summary judgment, and at trial.  As such, there is no synergy among the two sets of cases, and there is no efficiency to trying the cases together.  Instead, trying the two sets of distinct technology in a single case would result in confusing the jury because the jurors would have to keep track of the sets of products, patents, prior art, and damage numbers as it relates to each of the two distinct sets of patents, products, prior art, and damage numbers.

Moreover, because the two sets of cases do not involve common questions of law or fact, consolidating the two sets of cases would prejudice Plaintiffs in numerous ways.  **First**, consolidation would cut in half the amount of discovery Plaintiffs are permitted, despite the fact that Plaintiffs are required to conduct discovery on two distinct sets of Defendants' accused products, two distinct sets of validity defenses, and two distinct sets of Defendants' sales/damages figures.  Indeed, Defendants propose combining Plaintiffs' total interrogatories and hours of depositions, effectively cutting in half the scope of Plaintiffs' permitted discovery.  **Second**, similarly, consolidation would – prejudicially – cut in half Plaintiffs' page limits on summary judgment and Daubert motions, the number of motions in limine Plaintiffs are permitted to bring, and the amount of time Plaintiffs have to argue at hearings, even though none of the issues in any of these motions could conceivably overlap.  **Third**, such a trial would prejudice the Plaintiffs because – even though the two sets of patents and technologies are distinct – Plaintiffs would be required to limit the number of claims for both technologies, as opposed to limiting the number of claims actually tried for each set of cases.  **Finally**, if Defendants were to institute an *inter partes review* proceeding with respect to the light fabric transfer patents but not the dark fabric transfer patents (or vice versa), that would potentially result in a stay in both sets of cases, unnecessarily and unfairly delaying in the other set of proceedings.  For all of these reasons, Plaintiffs oppose consolidation of the dark fabric patent cases and the light fabric patent cases.

Despite the parties' disagreement with respect to which cases should be consolidated, as reflected in the proposed Scheduling Order and the chart attached to the proposed Scheduling Order, the parties have reached agreement on the schedule for the dark fabric transfer cases through claim construction briefing.  Plaintiffs, however, propose a faster schedule for the dark cases for the remaining deadlines.  This is because the dark fabric transfer patents previously have been litigated, both in federal court and in the USPTO.  Plaintiffs propose staggering the light fabric transfer cases several months behind the dark fabric transfer cases.

The Honorable Leonard P. Stark
January 3, 2020
Page **3** of **6**

With respect to trial, 35 U.S.C. § 299 does not appear to permit consolidation for trial of the dark fabric transfer cases against the two sets of Defendants, and it does not appear that the Defendants have agreed to waive the limitations of Section 299 with respect to trial on the issue of infringement. Therefore, Plaintiffs propose trying the cases in the following order: Neenah/Avery (dark); Siser (dark); Neenah/Avery (light); and Siser (light).

Plaintiffs strongly oppose Defendants' proposal to bifurcate validity and infringement issues for trial, for several reasons. Primarily, holding two separate trials on these issues would be inconvenient, would result in additional delay and cost, and would prejudice Plaintiffs. *See* Fed. R. Civ. P. 42(b). There is no reason validity and infringement issues involving the same technology cannot be tried in a single case. Moreover, Defendants' proposal again proposes to consolidate the light and dark fabric patent cases, even though the issues of validity will have no overlap given that the patents and inventors are not the same. Plaintiffs believe this would be confusing to a jury.

Plaintiffs also note that, although Defendants suggest that their proposal for trials is significantly less burdensome than Plaintiffs' proposal, the reality is that Defendants are proposing three trials (i.e., (1) a validity trial for both dark and light fabric patent cases; (2) an infringement trial for Neenah/Avery; and (3) an infringement trial for Siser), whereas Plaintiffs are proposing four trials (i.e., (1) Neenah/Avery (dark); (2) Siser (dark); (3) Neenah/Avery (light); and (4) Siser (light). The April 2022 trial date that Defendants propose is only for the first of their three trails; Defendants have not even proposed dates for the second or third trials. Moreover, in contrast to Defendants' proposal for trial, Plaintiffs' proposed trial schedule ensures that 35 U.S.C. 299 is not violated; avoids prejudice to Plaintiffs caused by consolidating the light and dark fabric patent cases; and avoids the juror confusion caused by consolidating the light and dark fabric patent cases..

With respect to the two dark fabric patent cases, Defendants request an early claim construction briefing on the "white layer" claim term, which Plaintiffs oppose. Plaintiffs oppose Defendants' request for two rounds of claim construction briefing in the dark fabric patent cases due to inefficiencies created for the parties, their counsel, and the Court from having two sets of briefing schedules, two hearings, two Markman orders, etc. The proposed schedule results in claim construction discussions beginning June 1, 2020, which Plaintiffs believe is sufficiently early. Moreover, Plaintiffs oppose Defendants' request for early claim construction because it would not result in any of the efficiencies that Defendants cite. In particular, Defendants assert that the construction of the "white layer" term could result in "resolution of the cases" and/or "early summary judgment." However, Defendants' proposition is incorrect, as demonstrated by another case involving these same dark fabric patents, which was tried to a jury in the District of Minnesota, resulting in a finding of infringement. Schwendimann v. Arkwright Advanced Coating, Inc., No. CV 11-820 (JRT/HB) (D. Minn.). The resolution of that case demonstrates that, regardless of the construction of the "white layer" term, Plaintiffs still will be able to show that Defendants' products infringe the asserted patents. For example, in the AACI litigation, Plaintiffs presented evidence showing that the Neenah product that Plaintiffs accuse of infringement in this case met the "white layer" limitation, as construed by the Court in the AACI case (and as Defendants urge the Court construe the term in this case). E.g., Schwendimann v. AACI, Order

The Honorable Leonard P. Stark
January 3, 2020
Page **4** of **6**

on Motion for Summary Judgment (ECF 439), at 21-22, No. CV 11-820 (JRT/HB) (D. Minn. Dec. 12, 2016) (noting that, although AACI argued that Neenah's product did not melt and mix, plaintiff's expert's "opinion regarding the Neenah product establishes a fact issue over whether the product infringed"). Plaintiffs presented the same evidence and testing with respect to the AACI product and the Neenah product, and the jury found that the AACI product infringed. Therefore, regardless of whether Defendants prevail on their preferred construction, Plaintiffs will be able to establish infringement. The construction of "white layer" will affect only the volume of testing that Plaintiffs' expert will need to present at trial and, as a result, there is no need to decide that issue earlier than the other claim terms.

With respect to the two cases against Siser, based upon the parties' meet and confer regarding the Checklist items, Plaintiffs anticipate that Defendant Siser will take the position it has no non-privileged information in its possession, custody, or control regarding the chemical composition of the Accused Products, including having no core technical documents. Because Defendant Siser has denied infringement, Plaintiffs anticipate that Defendant Siser has factual, non-privileged information regarding the chemical composition of its products that should be disclosed. Plaintiffs anticipate Defendant Siser to claim work product over that information. Plaintiffs intend to move to compel production of factual information that Siser asserts is protected by work product.

### **Defendants' Statement:**

Defendants submit that consolidating or coordinating the scheduling across all four cases will maximize efficiencies and significantly reduce the burden on the parties and this Court. The first two cases were filed on the same day—one against Defendants Neenah and Avery and another against Defendant Siser—and relied on substantially similar complaints alleging infringement of the same four patents. A few months later, Plaintiffs filed two more cases against the same Defendants (again on the same day and with substantially similar complaints) alleging infringement of another two patents.

Plaintiffs agree that the first two so-called "dark fabric transfer" cases should be consolidated and the latter two so-called "light fabric transfer" cases should be consolidated across the two Defendant groups. Plaintiffs incorrectly assert, however, that there is "no overlap" across the two sets of cases and, therefore, they must be kept entirely separate. The parties are identical across these two sets of patent infringement cases. Plaintiff Schwendimann is the owner, and Plaintiff NuCoat is the exclusive licensee, of all six asserted patents. And, as acknowledged by Plaintiffs, all six asserted patents are directed to the same technical field, namely: heat transfer papers (and methods of manufacture or use thereof) for transferring images onto fabrics (*e.g.*, T-shirts). Moreover, Plaintiffs provide no meaningful basis for why the schedule in the light transfer cases must be offset—by one month and then six months—from the schedule in the dark transfer cases. Plaintiffs' proposal requires twice as many deadlines for every event across the two sets of cases, including two separate rounds of expert reports and discovery, and two separate rounds of Daubert and dispositive motion briefing and hearings. This would unnecessarily lead to considerably greater burden on the parties and the Court.

The Honorable Leonard P. Stark
January 3, 2020
Page **5** of **6**

Plaintiffs assert that Defendants' proposal to consolidate the four cases would cut its discovery "in half." Not so. For example, Defendants proposal provides for up to 50 interrogatories for each side, which is similar to the total amount (*i.e.*, 60 interrogatories) that Plaintiffs' provide for Defendants in its non-consolidated proposals. Similarly, Defendants proposal provides for up to 100 hours of party deposition testimony per side (not counting expert or third party depositions). Moreover, Defendants will work together with Plaintiffs in the event that additional interrogatories or deposition testimony is believed to be necessary as the case proceeds. Plaintiffs assertions regarding its perceived prejudice related to consolidated motions and hearings fail for at least the same reasons. And, as for Plaintiffs complaints regarding the number of patents/claims it will be able to assert, this is largely a problem of their own making. Indeed, Plaintiffs chose to assert six different patents (and, based on discussions during the meet-and-confer Defendants' understanding is that Plaintiffs intend to assert a seventh patent). Plaintiffs also fail to explain why they will not be able to select a reasonable amount of patent claims from these six or seven patents to ultimately assert against Defendants. Lastly, Plaintiffs' argument that, if IPRs were against one set of patents, that would necessarily require a stay of all four cases is incorrect and premature.

With respect to the dark transfer cases, although the parties agree to the dates through claim construction, Plaintiffs' proposed "faster schedule" for the remaining aspects of these cases would also lead to increased inefficiencies and added burden on the parties. For example, Plaintiffs propose that the document production and fact discovery be completed before, and final infringement/invalidity contentions and expert reports be at least commenced, prior to the Court issuing its Markman order. As a result, the parties would be required to maintain and set forth various alternative theories and positions in order to account for all of the different claim constructions that the Court might ultimately adopt.

Similarly, with respect to the trial sequencing, Plaintiffs' proposal would require four separate trials with four different juries over a ten-month period. Conversely, Defendants propose that the four cases remain consolidated for purposes of having a joint invalidity trial first—for which the issues will be largely, if not entirely, identical across both Defendant groups. Assuming that any of the asserted patent claims are found not to be invalid, an infringement/damages trial could then commence for one of the Defendant groups followed by a separate infringement/damages trial against the other Defendant group. This would only necessitate scheduling of two trials and result in the most efficient use of judicial resources.

Additionally, Defendants submit that an early Markman hearing on one critical claim construction issue (reserving the remaining Markman issues for later in the case) would considerably streamline the discovery and focus the parties' disputes in the dark fabric transfer cases. In particular, the issue is whether the doctrine of prosecution history disavowal requires all of the asserted claims to include a "white layer" that "melts and mixes" with other layers of the transfer sheet due to the following representations Plaintiff made during a prior interference proceeding:

> Each of the Dalvey involved claims [including all claims Plaintiff asserts in the dark fabric transfer cases] requires such a white background for

> receiving the image…Properly construed, the white or opaque layer in the Dalvey involved claims necessarily must melt, and must combine with the other layers of the image transfer sheet…Thus, the Dalvey claims must be construed to require that the white or opaque layer must melt and must mix with the other layers in order to effect the image transfer.

In a previous litigation on the same patents asserted here, Judge Montgomery of the United States District Court for the District of Minnesota construed all of the claims of the same patents-in-suit to require a "white layer" that "melts and mixes" with other layers during application. Nonetheless, based on discussions during the parties' meet-and-confers, Defendants understand that Plaintiffs intend to ask this Court to construe the claims, contrary to the Judge Montgomery's construction, *not* to include a "white layer" that "melts and mixes" with other layers. This Markman issue is focused and would not require any discovery or extrinsic evidence. Further, this issue significantly affects the invalidity and non-infringement positions in the case, and early resolution would eliminate unnecessary discovery and streamline the parties' disputes. Defendants submit that an early decision on this issue may result in a resolution of the dark fabric cases, and, to the extent not, would set the cases up for an early summary judgment motion on either non-infringement or invalidity.

Should Your Honor require anything further, counsel is at the Court's disposal.

Respectfully submitted,

*/s/ Peter C. McGivney*
Peter C. McGivney

PCM/
cc:   All Counsel of Record (via e-file)