# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| JODI A. SCHWENDIMANN, f/k/a JODA A. DALVEY, an Individual and NUCOAT, INC., a Minnesota corporation, | REDACTED - PUBLIC VERSION (Filed October 25, 2021) |
| Plaintiffs, | |
| v. | C.A. No. 19-361-LPS |
| NEENAH, INC., a Delaware corporation, AVERY PRODUCTS CORPORATION, a Delaware corporation, and SISER NORTH AMERICA, INC., | **CONSOLIDATED** |
| Defendants. | ██████████████ |

## LETTER TO THE HONORABLE LEONARD P. STARK
## FROM ANNE SHEA GAZA REGARDING DISCOVERY DISPUTE
## <u>PURSUANT TO THE COURT'S OCTOBER 8, 2021 ORAL ORDER</u>

Of Counsel:
Joseph J. Richetti
Alexander D. Walden
Paul Sudentas
BRYAN CAVE LEIGHTON
PAISNER LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 541-1092
joe.richetti@bclplaw.com
alexander.walden@bclplaw.com
paul.sudentas@bclplaw.com

*Attorneys for Defendants Neenah, Inc. and
Avery Products Corporation*

Eric P. Schroeder
BRYAN CAVE LEIGHTON
PAISNER LLP
One Atlantic Center – Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Defendants Neenah, Inc. and
Avery Products Corporation*

(404) 572-6894
eric.schroeder@bclplaw.com
*Attorney for Defendants Neenah, Inc. and*
*Avery Products Corporation*

Erin A. Kelly
BRYAN CAVE LEIGHTON
PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
(303) 866-0422
erin.kelly@bclplaw.com
*Attorney for Defendants Neenah, Inc. and*
*Avery Products Corporation*

Ashley C. Bateman, Ph.D.
BRYAN CAVE LEIGHTON
PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
(415) 675-3495
ashley.bateman@bclplaw.com

*Attorney for Defendants Neenah, Inc. and*
*Avery Products Corporation*

David B. Cupar
MCDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114
(216) 430-2036
dcupar@mcdonaldhopkins.com

*Attorney for Defendant Avery Products*
*Corporation*

Dated:  October 18, 2021

Dear Judge Stark,

Defendants served a notice of deposition on Plaintiff NuCoat, Inc. ("NuCoat"), pursuant to Fed.R.Civ.P. 30(b)(6), on March 8, 2021, which included 64 topics, to most of which Plaintiffs never objected. In efforts to be reasonable, Defendants agreed, after taking Jodi Schwendimann's personal deposition, to reduce the number of topics to 36 and to cover them within a single day. However, three days before the close of fact discovery, Plaintiffs refused to proceed with the long-noticed Rule 30(b)(6) deposition on 35 of those 36 topics and stated that NuCoat had no knowledge regarding the only remaining topic. Plaintiffs now argue that they will retroactively designate the testimony taken at the personal deposition of Ms. Schwendimann on all topics, even though Defendants did not address most of these topics in any depth and Ms. Schwendimann had little or no knowledge of them. Plainly, Plaintiffs did not prepare her on those topics, and are refusing to prepare her, in violation of Rule 30(b)(6). Given the foregoing, Defendants request that the Court compel NuCoat's production of one or more Rule 30(b)(6) witnesses with knowledge of the 36 topics listed in Defendants' revised notice, and impose sanctions for costs and fees, under Rule 30(d), for refusing to do so.

## Key Facts

1. The Court entered its Scheduling Order on May 8, 2020. (D.I. 48.) With respect to depositions, the Order states that "[e]ach side may not take more than 21 hours of deposition time with any single fact witness (***except for Rule 30(b)(6) witnesses***)." (*Id*., 6 (emphasis supplied)).

2. On May 7, 2021, the Court granted Defendants' Motion to Stay the case following the parties' completion of fact discovery. (D.I. 233.) The parties' subsequently stipulated to extend the deadline for completion of fact discovery to September 30, 2021.

3. Defendants served a Notice of Deposition to take the deposition of Jodi Schwendimann, in her personal capacity, on February 10, 2021. (Ex. 1.) Defendants served the Notice of Deposition ("30(b)(6) Notice") to take a Rule 30(b)(6) deposition of NuCoat on March 8, 2021. (Ex. 2.) The 30(b)(6) Notice included 64 topics. (Ex. 2, Schedule A.)

4. After several discussions regarding the length of time needed to cover all of the topics in the 30(b)(6) Notice, the parties agreed, on August 16, 2021, to revisit the issue after the personal deposition of Ms. Schwendimann. (Ex. 3, 4.) Specifically, Defendants agreed that they would review the 30(b)(6) Notice at that time to see whether certain topics could be removed based on Ms. Schwendimann's personal testimony, and the parties agreed to work together to determine whether more than one day would be needed for the Rule 30(b)(6) deposition. (Ex. 3) The parties ultimately agreed to commence the 30(b)(6) deposition on September 29, 2021. (*Id*.)

5. Ms. Schwendimann's personal deposition was taken over the course of three days, on April 19, May 28, and September 9, 2021. (Ex. 7-9.) During the third day of testimony, Ms. Schwendimann requested that the deposition end early for personal reasons and Plaintiffs' counsel inquired about the 30(b)(6) deposition. Defendants agreed to end Ms. Schwendimann's personal deposition early, and complete the 30(b)(6) deposition in one day on September 29th, as long as they were given some latitude to go over 7 hours if necessary, to which Plaintiffs agreed. Defendants also agreed to provide a revised 30(b)(6) Notice to Plaintiffs prior to the deposition,

which was served on September 26, 2021 ("Revised 30(b)(6) Notice"), and which removed 28 of the 64 original topics. (Exs. 5, 6.) No new topics were added. (Exs. 6 and 11.)

6. On September 27, 2021, Plaintiffs informed Defendants that NuCoat would not make a witness available for 35 of the 36 remaining topics in the Revised 30(b)(6) Notice. (Ex. 5 at 2-3.) Specifically, Plaintiffs asserted that "Defendants have already covered [Topics 1-6, 12-15, 17-24, 28-30, and 32-36] with Schwendimann during her" personal deposition. (*Id*., p. 3) Plaintiffs also asserted that "Topics 8-11, 16, and 25-27 are directed to Plaintiffs' contentions regarding legal issues/conclusions." (*Id*.) With respect to Topic 31, which is directed to authenticating certain of NuCoat's documents, Defendants suggested that the parties agree as to the authenticity of their respective documents produced in the lawsuit, in which case this Topic could also be dropped. (*Id*., p. 4) NuCoat rejected Defendants' proposal and refused to make a witness available, asserting that "authenticity of documents is more properly handled during pretrial submissions." (*Id*., p. 3.) Finally, with respect to Topic 7, directed to the technical aspects of the Light Transfer Patents, Plaintiffs stated that they would "make Schwendimann available as a designee for NuCoat on [that] Topic," but "NuCoat does not have knowledge" thereof. (*Id*.)

7. On September 28, 2021, Defendants informed Plaintiffs that they intended to move the Court to resolve the issue. (*Id*., p. 2.) Plaintiffs responded by asserting that "almost all" of the topics were covered in Ms. Schwendimann's personal deposition and NuCoat was not refusing to designate anyone for the deposition because they were "willing to make Jodi Schwendimann available as the designee on . . . Topic 7." (*Id*., p. 1.) The parties met and conferred on September 28th, during which NuCoat: (i) refused to make anyone available for any topic other than Topic 7; and (ii) asserted that, because NuCoat intended to designate all of Ms. Schwendimann's personal testimony as Rule 30(b)(6) testimony, Defendants are foreclosed from asking NuCoat about any topics that came up in any manner during Ms. Schwendimann's personal deposition.

## Argument

"A Rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access… Therefore, a corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must prepare its designee to be able to give binding answers on its behalf ... [and] perform a reasonable inquiry for information that is noticed and reasonably available to it. …. If a deponent fails to answer a question asked under Rule 30, or provides an answer that is evasive or incomplete, then a motion to compel the deposition testimony may be filed." *Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, No. 09-CV-0663, 2011 WL 1636985, at *1 (D. Del. April 29, 2011) (internal quotation marks and citations omitted).

Here, Defendants served the 30(b)(6) Notice six months ago, listing 64 topics, and at Plaintiffs' request, revised that notice and agreed to pursue only 36 topics. Plaintiffs have not objected to most of the topics, and only took issue with 8 of them immediately before the deposition date. Although Plaintiffs previously produced Jodi Schwendimann as a witness in her personal capacity, NuCoat has never produced a Rule 30(b)(6) witness in this action. The Scheduling Order specifically contemplates separate Rule 30(b)(6) witnesses beyond the "21 hours of deposition time with any single fact witness," which was not even exhausted with Ms. Schwendimann. NuCoat refuses to produce a witness with knowledge of ***35 of the 36*** topics listed in the 30(b)(6)

2

Notice, and its offer to produce a witness who had no knowledge of the one remaining topic is illusory.

NuCoat appears to contend that it has complied with Rule 30(b)(6) by retroactively designating Ms. Schwendimann's testimony as Rule 30(b)(6) testimony in response to any question that relates to the 36 topics listed in the Revised 30(b)(6) Notice. However, there is no authority for such retroactive designation, and, more importantly, Defendants did not cover these topics in any depth. (*See, e.g.*, Ex. 6, Schedule A, Topics 4, 8-13, 18, 22-27, 30.) In fact, Ms. Schwendimann answered "I don't know" ***at least 180 times*** during her deposition in her personal capacity (*see* Ex. 7-9), including ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This is insufficient preparation even if NuCoat had produced her as a Rule 30(b)(6) witness at the time – which it did not.

Also, for the first time on September 27, 2021, NuCoat argued that Topics 8-11, 16, and 25-27 concern "legal issues/conclusions." (Ex. 5 at 3.) Because NuCoat was required to "confer in good faith about" these topics "promptly after the notice" in the original 30(b)(6) Notice served on March 8, 2021 (*see* Fed.R.Civ.P. 30(b)(6) and Adv. Comm. Note (2020 amend.)), but failed to do so in any of the parties' prior discussions, NuCoat should be precluded from raising these objections now. Further, although "contention topics" are disfavored by the courts, these topics concern only facts and "factual bases" – including specific factual information, such as commercial success and unexpected results (Topic 8), and allegations about lost/potential customers (Topic 25) – which are plainly permissible deposition topics. *See, e.g., CR Bard Inc. v. AngioDynamics Inc.*, C.A. No. 15-218-SLR-SRF (D. Del. Aug. 18, 2017) (Ex. 10.). Further, unless NuCoat agrees to engage in good faith in a proposed stipulation concerning the authenticity of documents, NuCoat has no basis for refusing to designate a witness regarding Topic 31.

NuCoat may not "rely on what might be called the substitution theory of discovery—that [it] can respond as it sees fit rather than as requested," but Defendants, "under Rule 30(b)(6), are entitled to an educated witness who can testify as to facts that are known or reasonably available [to the defendants] about the [issue]." *Ethypharm S.A. France v. Abbott Laboratories*, 271 F.R.D. 82, 94 (D. Del. 2010) (quoting *In re Vitamins Antitrust Litig.,* 217 F.R.D. 229, 233 (D.D.C. 2002)). Therefore, Defendants' motion to compel should be granted. Moreover, because Plaintiffs' refusal to produce a Rule 30(b)(6) witness on 35 of the 36 topics was not "substantially justified," Plaintiffs should be ordered to pay Defendants' "reasonable expenses, including attorney's fees," incurred in preparing and prosecuting this motion. *See* Fed.R.Civ.P. 37(d)(1). *See also Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). NuCoat's view is not justified, at least because Plaintiffs have noticed and taken *nine* Rule 30(b)(6) depositions of Defendants, covering more than 100 topics, as well as taking the personal deposition of many of those same 30(b)(6) witnesses. Further, NuCoat's refusal "may not be excused on the ground that" the deposition was objectionable because there was no "pending motion for a protective order" regarding this deposition – and, indeed, NuCoat never even objected to most of the topics. *See* Fed.R.Civ.P. 30(d)(2).

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

cc:  All Counsel of Record (by email)

4

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

<table>
<tr><td>

JODI A. SCHWENDIMANN, f/k/a JODI A.
DALVEY, an individual and NUCOAT, Inc.,
a Minnesota corporation,

      Plaintiffs,

v.

NEENAH, INC., et al.,

      Defendants.

</td><td>

C.A. 19-361-LPS

(Consolidated)

</td></tr>
</table>

**NOTICE OF DEPOSITION OF**
**<u>JODI A. SCHWENDIMANN</u>**

PLEASE TAKE NOTICE that Neenah, Inc., Avery Products Corporation, and Siser North America, Inc., pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, will take the deposition upon oral examination of Jodi A. Schwendimann commencing at 10 a.m. EST on March 23, 2021 and continuing through March 24, 2021 *via* Zoom, or as otherwise agreed to by the parties.

The deposition will be recorded by stenographic means and video means before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until complete, with such adjournment as to time and place as may be necessary.

Dated:  February 10, 2021

OF COUNSEL:

Joseph J. Richetti
Alexander D. Walden
Paul B. Sudentas
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-1092
joe.richetti@bclplaw.com
alexander.walden@bclplaw.com
paul.sudentas@bclplaw.com

Erin A. Kelly
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
(303) 866-0422
erin.kelly@bclplaw.com

Eric P. Schroeder
BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471
(404) 572-6894
eric.schroeder@bclplaw.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert M. Vrana
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Defendant Neenah, Inc. and
Avery Products Corporation*

Of Counsel:

Glenn E. Forbis
J. Bradley Luchsinger
Jewell N. Briggs
HARNESS DICKEY & PIERCE PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
gforbis@hdp.com
bluchsinger@hdp.com
jbriggs@hdp.com

BAYARD, P.A.

/s/ Stephen B. Brauerman
Stephen B. Brauerman (No. 4952)
600 North King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Defendant
Siser North America, Inc.*

2

## CERTIFICATE OF SERVICE

I, Robert M. Vrana, hereby certify that on February 10, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Peter C. McGivney, Esquire
> Berger Harris LLP
> 1105 North Market Street
> 11th Floor
> Wilmington, DE 19801
> pmcgivney@bergerharris.com
>
> *Attorney for Plaintiffs*

I further certify that on February 10, 2021, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following counsel:

> Devan Padmanabhan, Esquire
> Michelle Dawson, Esquire
> Britta Loftus, Esquire
> Paul J. Robbennolt, Esquire
> Mariah L. Reynolds, Esquire
> Padmanabhan & Dawson, P.L.L.C.
> PWC Plaza
> 45 South 7th Street, Suite 2315
> Minneapolis, MN  55402
> devan@paddalawgroup.com
> michelle@paddalawgroup.com
> britta@paddalawgroup.com
> paul@paddalawgroup.com
> mariah@paddalawgroup.com
>
> *Attorneys for Plaintiffs*

Dated:  February 10, 2021                    YOUNG CONAWAY STARGATT
                                             & TAYLOR, LLP


                                             */s/ Robert M. Vrana*
                                             Anne Shea Gaza (No. 4093)
                                             Robert M. Vrana (No. 5666)
                                             Samantha G. Wilson (No. 5816)
                                             Beth A. Swadley (No. 6331)
                                             Rodney Square
                                             1000 North King Street
                                             Wilmington, DE 19801
                                             (302) 571-6600
                                             agaza@ycst.com
                                             rvrana@ycst.com
                                             swilson@ycst.com
                                             bswadley@ycst.com

                                             *Attorneys for Defendants Neenah, Inc. and*
                                             *Avery Products Corporation*


                                             2

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| JODI A. SCHWENDIMANN, f/k/a JODI A. DALVEY, an individual and NUCOAT, Inc., a Minnesota corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NEENAH, INC., et al,<br><br>Defendants. | C.A. 19-1361-LPS<br><br>(Consolidated)<br><br>**CONFIDENTIAL –**<br>**FILED UNDER SEAL** |

**NOTICE OF DEPOSITION**
**PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants Neenah, Inc. ("Neenah"), Avery Products Corporation ("Avery"),

and Siser North America, Inc. ("Siser") (collectively, "Defendants") will take the deposition

upon oral examination of NuCoat, Inc. ("NuCoat") commencing at 9 a.m. on April 21, 2021 *via*

Zoom, or as otherwise agreed to by the parties.  The deposition will continue from day to day

until complete, with such adjournment as to time and place as may be necessary.  The deposition

will be recorded by stenographic means and video means before a Notary Public or other officer

authorized by law and pursuant to the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ.

P. 30(b)(6), NuCoat is required to designate one or more persons to testify at the deposition as to

the subject matters and information known or reasonably available to NuCoat.  The subjects

covered in the deposition will include the subjects listed on Schedule A, attached to this Notice.

PLEASE TAKE FURTHER NOTICE that NuCoat is requested to provide Defendants

with written notice, at least five (5) business days in advance of the deposition, of (1) the name

and employment position of each person who NuCoat shall designate to testify on its behalf, and

(2) the topics in Schedule A as to which each such designee has been designated to testify.

Dated:  March 8, 2021

OF COUNSEL:

Joseph J. Richetti
Alexander D. Walden
Paul B. Sudentas
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-1092
joe.richetti@bclplaw.com
alexander.walden@bclplaw.com
paul.sudentas@bclplaw.com

Erin A. Kelly
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
(303) 866-0422
erin.kelly@bclplaw.com

Eric P. Schroeder
BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471
(404) 572-6894
eric.schroeder@bclplaw.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert M. Vrana
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Defendant Neenah, Inc. and
Avery Products Corporation*

Of Counsel:

Glenn E. Forbis
J. Bradley Luchsinger
Jewell N. Briggs
HARNESS DICKEY & PIERCE PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
gforbis@HDP.com
bluchsinger@hdp.com
jbriggs@hdp.com

BAYARD, P.A.

/s/ Stephen B. Brauerman
Stephen B. Brauerman (No. 4952)
600 North King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Defendant
Siser North America, Inc.*

3

<u>SCHEDULE A</u>

***Definitions***

1.  "Schwendimann" refer to Jodi A. Schwendimann (f/k/a Jodi A. Dalvey).

2.  "NuCoat" refers to NuCoat, Inc. and its subsidiaries, affiliates, divisions, as well as its respective officers, directors, employees, and representatives.

3.  The terms "You," "Your," and "Plaintiffs" refers to Schwendimann and NuCoat, collectively.

4.  The term "Litigation" means the above-captioned consolidated action, currently pending in the United States District Court for the District of Delaware.

5.  The "'623 patent" refers to U.S. Patent No. RE41,623.

6.  The "'042 patent" refers to U.S. Patent No. 7,754,042.

7.  The "'581 patent" refers to U.S. Patent No. 7,749,581.

8.  The "'554 patent" refers to U.S. Patent No. 7,771,554.

9.  The "'475 patent" refers to U.S. Patent No. 7,776,475.

10. The "'773 patent" refers to U.S. Patent No. 6,723,773.

11. The "'200 patent" refers to U.S. Patent No. 6,410,200.

12. The "'746 patent" refers to U.S. Patent No. 7,008,746.

13. "Dark Transfer Patents-in-Suit" means the '623 patent, the '042 patent, the '581 patent, the '554 patent, and the '475 patent, collectively.

14. "Light Transfer Patents-in-Suit" means the '773 patent, the '200 patent, and the '746 patent, collectively.

15. "Patents-in-Suit" means the Dark Transfer Patents-in-Suit and the Light Transfer Patents-in-Suit, collectively.

16. The term "Neenah's Accused Products" refers to all of Neenah's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Neenah's products identified in Plaintiffs' Initial Claim Charts served on Neenah in this Litigation on May 18, 2020.

17. The term "Avery's Accused Products" refers to all of Avery's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Avery's products identified in Plaintiffs' Initial Claim Charts served on Avery in this Litigation on May 18, 2020.

18. The term "Siser's Accused Products" refers to all of Siser's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Siser's products identified in Plaintiffs' Initial Claim Charts served on Siser in this Litigation on May 18, 2020.

19. The term "Dark Transfer Covered Products" refers to all products made, sold, or offered for sale by Plaintiffs that (i) include an opaque layer and that are intended to be used to transfer an image to a colored substrate; or (ii) otherwise are alleged to practice any claim of the Dark Transfer Patents-in-Suit.

20. The term "Light Transfer Covered Products" refers to all products made, sold, or offered for sale by Plaintiffs that are alleged to practice any claim of the Light Transfer Patents-in-Suit.

21. The term "Covered Products" refers to the Dark Transfer Covered Products and Light Transfer Covered Products.

22. The term "Other Products" refers to image transfer sheet products that are not alleged to infringe or otherwise be covered by the claims of the Patents-in-Suit.

23. "USPTO" means United States Patent and Trademark Office.

---

### *Rule 30(b)(6) Topics*

1. The history of American Coating Technologies, Your work with Bill Nasser, the paper coating products that American Coating sold for Hewlett-Packard desk top inkjet printers, and Plaintiff's allegation that in the late 1990s, Schwendimann and Bill Nasser began selling their transfer paper products through Nasser's company, American Coating (*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 42).

2. The history of Cooler Concepts, Inc., including, without limitation, the relationship between You and Cooler Concepts, Inc. and the transfer paper products developed, offered-for sale, and sold by Cooler Concepts, Inc.

3. The history of NuCoat, including, without limitation, the transfer paper products developed, offered-for sale, and sold by Cooler Concepts, Inc.

4. The factual basis for Your contention there were five problems with the prior art two-step approach to transferring images on dark fabric (*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 18).

5. The conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing and/or evaluation of any product, process, or method related to the alleged inventions of any of the Patents-in-Suit, including, each person or entity involved in any way in such conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing, or evaluation.

6. The technical manner in which a white layer "melts and mixes" with another layer in any of Dark Transfer Covered Products to effect the image transfer and provide a white background.

7. The factual basis for Your contention that the claimed inventions of the Dark Transfer Patents-in-Suit resulted in a single transfer sheet where the printed image was sharp and clear (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 31).

8. The preparation, filing, and prosecution of the Patents-in-Suit or any patent or application in the same family as a patent asserted in this Litigation, including all inventor notes, draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all communications regarding the preparation, filing, and prosecution of such patent applications, including any instructions or communications regarding any suggested or actual responses to office actions.

9. The reasons for and circumstances surrounding the new content added to U.S. Patent Application 09/541,845 relative to U.S. Patent Application No. 09/391,910.

10. The reasons for and circumstances surrounding the decision to file U.S. Application No. 12/218,260 (reissue application of U.S. Patent No. 6,884,311), including the modifications that were made in this application relative to U.S. Patent No. 6,884,311 and the reasons therefore.

11. The proceedings before the USPTO in Inference Nos. 105,961, 105,964, 105,966, including without limitation, the factual support for the statements made by You in Inference Nos. 105,961, 105,964, 105,966.

12. The technical aspects of the inventions claimed and/or described in the Dark Transfer Patents-in-Suit, including without limitation:

   a. the formulations and structures of the various disclosed embodiments including all Examples identified in the specifications of the Dark Transfer Patents;

   b. all aspects of the various disclosed "release layers";

   c. how the disclosed embodiments purportedly "melt" and "mix" to effect the image transfer;

   d. all methods of using the embodiments disclosed in the Dark Transfer Patents-in-Suit, including without limitation any disclosure of a "peel first" method;

   e. how the white layer provides an opaque background after the image has been transferred, including when the image transfer sheet has been used in a "peel first" method; and

   f. how the image is bound to or adhered to a garment.

13. The technical aspects of the inventions claimed and/or described in the Light Transfer Patents-in-suit, including without limitation:

   a. the formulations and structures of the various disclosed embodiments including all Examples identified in the specifications of the Light Transfer Patents-in-Suit;

   b. all aspects of the various disclosed "release layers";

   c. all aspects of the various disclosed "polymeric compositions";

   d. all methods of using the embodiments disclosed in the Light Transfer Patents-in-Suit; and

   e. how the image is bound to or adhered to a garment.

14. The technical manner in which any of the embodiments disclosed in the Dark Transfer Patents-in-Suit transfer an image to a substrate (fabric) using the "peel first" or "peel second" method, including without limitation, the manner in the white layer "melts and mixes" with an adjacent layer, how the white layer provides an opaque background for the image (indicia), and how the image becomes viewable.

15. The factual bases for any assertions by You of any secondary indicia of nonobviousness for the Patents-in-Suit, including but not limited to: (1) commercial success; (2) long-felt need; (3) failed attempts by others; (4) copying; (5) unexpected results; (6) praise; (7) the taking of licenses by others; (8) expressions of surprise by experts and those skilled in the art; (9) evidence of the patentee proceeding contrary to the accepted wisdom of the prior art; and (10) the connection or nexus between each of the above factors (1) through (9) and such allegations.

16. Your first awareness of Neenah's Accused Products.

17. Your first awareness of Avery's Accused Products.

18. Your first awareness of Siser's Accused Products.

19. All facts concerning and/or relating to whether the Dark Transfer Covered Products include a white layer that "melts and mixes" with any other layer of the Dark Transfer Covered Products, including when that information was collected or ascertained and for which products.

20. The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart served on Neenah.

21. The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart served on Avery.

22. The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart served on Siser.

23. All investigations, evaluations and/or testing of any of Neenah's Accused Products (collectively, "Neenah Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Neenah Assessments were conducted, who conducted the Neenah Assessments, which products were Assessed, the results of such Neenah Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

24. All investigations, evaluations and/or testing of any of Avery's Accused Products (collectively, "Avery Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Avery Assessments were conducted, who conducted the Avery Assessments, which products were Assessed, the results of such Avery Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

25. All investigations, evaluations and/or testing of any of Siser's Accused Products (collectively, "Siser Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Siser Assessments were conducted, who conducted the Siser Assessments, which products were Assessed, the results of such Siser Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

26. Identification of all Covered Products and the time period during which such products were offered for sale and sold by You or any third party.

27. The factual bases as to why You contend that the Covered Products practice an invention recited in any of the claims of the Patents-in-Suit, including identifying all claims You contend are practiced by the Covered Products and where each element of each claim can be found in the Covered Product.

28. The material compositions of the Covered Products, including the material compositions of any layers, coatings, or "passes" (*i.e.*, "first pass," "second pass," etc.) used to create any of the Covered Products or that exist in the Covered Products.

29. Identification of all Other Products ever offered for sale or sold by Plaintiffs, including, without limitation, any Other Products that have/had a backing material or substrate and a white pigment, and the time periods during which such products were/are offered for sale and sold.

30. The factual bases as to why You contend that Other Products are not considered Covered Products.

31. All research, design, development, manufacturing processes, testing, evaluation, production, or sales of any of the Covered Products.

32. The relationship between Plaintiffs' product codes and internal product development codes or codes for certain constituent components/materials.

33. The marketing/sale channels through which any Covered Products have been sold, including for example, through certain retailers, re-sellers, and/or distributors.

34. The identities of all persons or entities who are or have been customers or users, including for testing or evaluation purposes, of any Covered Product.

35. The promotion and/or marketing of the Covered Products, including without limitation an identification and description of the packaging and any literature that has accompanied any Covered Product at the time of shipment or sale and the history of when such materials were first designed, created, revised, and/included with any Covered Product.

36. The reasons why each Other Product is not an acceptable non-infringing alternative to the Accused Products and all information about such non-infringing alternatives, including but not limited to when such alternatives were designed and developed; whether they were ever implemented, by whom, and when; the cost to design and implement such alternatives; all performance characteristics of such alternatives; and all reasons why You contend any such alternative would not be acceptable to customers.

37. Plaintiffs' marking (or lack of marking) of the Patents-in-Suit on the Covered Products and Other Products, including, without limitation, Other Products having a backing material or substrate and a white pigment, including without limitation marking on the NuCoat website, patent markings applied to product packaging including product labels, and patent markings applied to instruction sheets or other product literature that would have accompanied a product at the time of sale and/or shipment, including the identity of each product and/or service that was marked, the periods during which such products were sold, the history of when patent marking activities commenced, ended, and or when changes were made to the patent numbers listed in such materials.

38. The analysis, if any, by which the decision to mark (or not mark) the Patents-in-Suit on the Covered Products and any other of Your commercial products, including, without limitation Other Products having a white pigment and intended to transfer an image to a dark colored substrate was reached, including identification of the person(s) responsible for determining which products would be marked with the patents-in-suit and the person having responsibility for implementing Your patent marking activities.

39. The design, creation, and revision history of Your product labels, including information concerning who designed Your product labels, when You began applying product labels to Your products, and how and when it was determined to include or modify patent markings applied to Your product labels.

40. Your understanding of customer preferences, drivers of demand, and other reasons underlying customer purchase decisions for Neenah's Accused Products, Avery's Accused Products, Siser's Accused Products, Your Covered Products, and Other Products.

41. Your understanding of the size and growth rates associated with actual and potential markets for the Neenah's Accused Products, Avery's Accused Products, Siser's Accused Products, Your Covered Products, and Other Products; the customers and market

segments You target and/or serve; Your actual and anticipated market share; Your actual and anticipated pricing; and Your competitors, their product offerings, and pricing.

42. The reasons You chose to market and sell the Covered Products, including but not limited to customer requests or demands; anticipated price and/or profit premiums; anticipated incremental sales volumes; anticipated incremental market share; anticipated convoyed sales.

43. Your plans relating to the Covered Products, including, without limitation, estimates, projections, forecasts, budgets, business plans, strategic plans, marketing plans, financial plans, sales plans, and production plans between 2010 and 2019.

44. Your efforts to sell, market, advertise, promote, or otherwise commercialize the Covered Products, including but not limited to how You get and retain customers who purchase the Covered Products; identification of Your employees who sell, market, advertise, and/or promote the Covered Products between 2010 and 2019.

45. NuCoat's marketing capacity and manufacturing capacity from 2012 through present, including without limitation, the through-put of Your manufacturing processes and equipment, details regarding shifts, overtime, and other manufacturing costs (including labor cost and facility costs), any history of manufacturing constraints or supply constraints, and the factual basis for any contention that NuCoat would have been able to meet demand for additional volume through its contract manufacturing relationships (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 258).

46. Your revenues, costs, profits, and profit margins from the sale and/or distribution of the Covered Products, and Other Products.

47. The circumstances under which all financial records and/or summary documents produced by You in this Litigation that purport to reflect Your revenues, costs, and profits from sales or distribution of the Covered Products were generated, the underlying data from which such records were generated, the explanation of any terms or legends in such records, and reconciliation of those figures across produced documents.

48. The factual basis for Your contention that potential customers have turned to competitors like Neenah, Avery, or Siser ((*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 44), that Neenah, Avery, and Siser have competed, and continue to compete, directly with NuCoat in the sales of dark fabric transfer products ((*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶¶ 45, 196), and that as a result of Defendants' marketing and sales of their products, NuCoat lost customers, sales, and profits ((*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 255), including an identification by customer name and date of any specific sales opportunities You contend were lost due to Defendants' alleged infringement as well as an identification of Your specific product that the customer was considering.

49. The factual basis for Your contention that NuCoat offered the only acceptable, non-infringing alternative to Defendants' dark transfer products (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 278).

50. The factual basis for Your contention that other major players in this market had product offerings that also infringed Schwendimann's patents (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 257).

51. Your licensing activities, including but not limited to the following, to the extent they exist:

    a.   All facts and circumstances relating to any license agreements, settlement agreements, offers, drafts, and related discussions, negotiations, correspondence, or analyses relating to the Patents-in-Suit;



    c.   Your established policies, procedures or programs that involve the licensing (in-bound and out-bound) of intellectual property;

    d.   Royalties or license fees You pay and/or receive for any patent rights and/or unpatented technology rights licensed (in-bound or out-bound);

    e.   Your knowledge of third party patent and/or unpatented technology license agreements relating to image transfer sheets.

52. All contracts, licenses, or agreements between You and any party regarding any of the Patents-in-Suit or any patent or application that is related to any Patent-in-Suit.

53. Any consideration, efforts, or attempts to assign, sell, transfer, or license to any party regarding any Patent-in-Suit or any patent or application that is related to any of the Patents-in-Suit.

54. The valuation of any of the Patents-in-Suit or any patent or application that is related to any of the Patents-in-Suit, including any appraisals, assessments, evaluations, or opinions regarding the actual or potential value of any such patents or applications.

55. Any attempt to commercialize or otherwise derive revenue from any activity involving the subject matter claimed in any of the Patents-in-Suit or any patent or application that is related to any of the Patents-in-Suit.

56. Your collection and production of responsive information, documents, communications and things responsive to discovery requests in this Litigation, including but not limited to the persons responsible for and involved in your document collection and production and preparation of responses to the discovery requests; actions taken to locate and produce responsive information, documents, communications and things; files and locations that

were searched for responsive information, documents, communications and things; and communications relating thereto.

57. Authentication of documents produced by You in this Litigation.

58. Identify all documents Plaintiffs and/or Plaintiff's counsel reviewed in connection with investigating Plaintiff's claims of infringement in this Litigation, both before and/or after the Litigation was filed.

59. The full chain of title for ownership of any of the Patents-in-Suit, including any agreements, contracts, assignments, and disputes regarding any right, title, or interest in any of the Patents-in-Suit.

60. All persons or entities that have ever held any financial or legal interest in any of the Patents-in-Suit and the nature of such interest.

61. All attempts You (or anyone else) to enforce any of the Patents-in-Suit, or any other patents related thereto, including, without limitation, communications to third parties alleging infringement of or otherwise identifying any of the Patents-in-Suit, and lawsuits threatened or filed relating to any of the Patents-in-Suit.

62. All investigations by You relating to whether any third party products are potentially covered by any of the Patents-in-Suit.

63. The history of Foto-Wear, Inc., including, without limitation, its development, offer-for-sale, and sale of transfer paper products, its design, research, experimental work, development, reduction to practice, examination, analysis, testing and/or evaluation of any product, process, or method related to the alleged inventions of any of the Light Transfer Patents-in-Suit, its preparation, filing, and prosecution of the Light Transfer Patents-in-Suit or any patent or application in the same family as the Light Transfer Patents-in-Suit, and Your relationship with Foto-Wear, Inc., including, without limitation, the facts and circumstances surrounding Your licensing and/or acquisition of the Light Transfer Patents-in-Suit from Foto-Wear, Inc.

64. Any and all agreements and arrangements between You and Foto-Wear, Inc.

## CERTIFICATE OF SERVICE

I, Robert M. Vrana, hereby certify that on March 8, 2021, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

> Peter C. McGivney, Esquire
> Berger Harris LLP
> 1105 North Market Street
> 11th Floor
> Wilmington, DE 19801
> pmcgivney@bergerharris.com
>
> *Attorneys for Plaintiffs*

I further certify that on March 8, 2021, I caused the foregoing sealed document to be served via electronic mail upon the above-listed counsel and on the following counsel:

> Devan Padmanabhan, Esquire
> Michelle Dawson, Esquire
> Britta Loftus, Esquire
> Paul J. Robbennolt, Esquire
> Mariah L. Reynolds, Esquire
> Padmanabhan & Dawson, P.L.L.C.
> PWC Plaza
> 45 South 7th Street, Suite 2315
> Minneapolis, MN 55402
> devan@paddalawgroup.com
> michelle@paddalawgroup.com
> britta@paddalawgroup.com
> paul@paddalawgroup.com
> mariah@paddalawgroup.com
>
> *Attorneys for Plaintiffs*

Dated:  March 8, 2021

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_/s/ Robert M. Vrana_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

_Attorneys for Defendants Neenah, Inc. and_
_Avery Products Corporation_

# EXHIBIT 3

## Walden, Alexander

| | |
|---|---|
| **From:** | Walden, Alexander |
| **Sent:** | Monday, August 16, 2021 12:07 PM |
| **To:** | 'Britta Loftus' |
| **Cc:** | Neenah_NuCoat; Fanelli, Dominic; Gaza, Anne Shea; Wilson, Samantha; Swadley, Beth A.; Vrana, Robert; Annette Arce; Michelle Dawson; Mariah Reynolds; McGivney, Peter; Paul Robbennolt |
| **Subject:** | RE: Schwendimann et al. v. Neenah, Inc. et al.,  C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued) |

Britta,

Thank you for confirming the dates below. We will get back to you as soon as we can regarding a date for Charlie Myers' deposition and another, third day for Keith Abraham's deposition.

With respect to the NuCoat 30b6 deposition, we are fine with having a meet-and-confer following Ms. Schwendimann's personal deposition to discuss which and how many 30b6 topics Defendants still intend to raise during NuCoat's 30b6, and whether those topics can be addressed in a single day with Ms. Schwendimann. In that regard, however, we want to make sure that Ms. Schwendimann will have availability for a second day of 30b6 in the event that Defendants are not able to get through all the topics in a single day, particularly given that the date you have proposed for the 30b6 is September 29th (one day before the stay goes into effect). Please confirm that, to the extent an additional day is needed, that Plaintiffs will make Ms. Schwendimann available prior to October 1st.

Best regards,
Alex



ALEXANDER WALDEN
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Saturday, August 14, 2021 1:34 PM
**To:** Walden, Alexander <alexander.walden@bryancave.com>
**Cc:** Neenah_NuCoat <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Schwendimann et al. v. Neenah, Inc. et al., C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued)

Alex,

September 15 will work for the deposition of Frank Kronzer.

September 28 will work for one of the days of the depositions of Keith Abraham. However, September 29 will not work for the other day of Keith Abraham's deposition because Devan is both taking the deposition of Neenah/Abraham and also

defending the deposition of NuCoat/Schwendimann on September 29. Please provide alternative dates for the other day of his deposition earlier in September.

We will follow up soon with dates for Bill Nasser.

Jodi Schwendimann is available for her personal deposition on September 9. Please confirm that works for you and Glenn/Siser.

With respect to the deposition of NuCoat, many – if not most – of the topics have already been covered in the first two days of personal depositions of Jodi Schwendimann. Please explain why Defendants are unable to cover the remaining topics during the additional hours already scheduled (September 9 & 29). You've previously represented to us that Defendants would not cover the same topics during both her personal deposition and the deposition of NuCoat. We had also previously agreed to meet and confer regarding what topics might be left following the three days of personal depositions, and we are still planning on following through with that plan. Please confirm that you remain willing to meet and confer following the third day of Jodi Schwendimann's personal deposition to identify topics that remain in the 30(b)(6) notice of NuCoat.

Thank you,
Britta

*Britta S. Loftus*
Partner
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** Walden, Alexander <alexander.walden@bclplaw.com>
**Sent:** Monday, August 9, 2021 1:06 PM
**To:** Britta Loftus <britta@paddalawgroup.com>
**Cc:** Neenah_NuCoat <neenah_nucoat@bclplaw.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Schwendimann et al. v. Neenah, Inc. et al., C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued)

Britta,

Frank Kronzer is available for a deposition on September 15th. Keith Abraham is available on September 28th, and, if necessary, on September 29th for his continued 30b6 and fact deposition. Please confirm whether that works for Plaintiffs.

Please also confirm that Ms. Schwendimann will be available for the NuCoat 30b6 on both September 29th and September 30th. As we have stated on multiple occasions, Defendants will almost certainly need more than 7 hours to

handle all of the topics in the combined 30b6 notice. Assuming that is the case, those dates work for us and I will confirm with Glenn.

With respect to Ms. Schwendimann's continued fact deposition, we are still coordinating with Glenn, but the end of August is not good for us. Is she available during the weeks of September 6th, September 13th or September 21st?

Lastly, please provide dates when Mr. Nasser is available for his deposition.

Best regards,
Alex



**ALEXANDER WALDEN**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

---

**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Wednesday, August 4, 2021 11:01 AM
**To:** Walden, Alexander <alexander.walden@bryancave.com>
**Cc:** Neenah_NuCoat <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Schwendimann et al. v. Neenah, Inc. et al., C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued)

Alex,

I'm following up regarding dates for the 30(b)(6)/Abraham depositions and the Kronzer deposition. Please send us dates this week so we can nail down the deposition schedule. Our calendars for August and September are filling up quickly.

Thank you,
Britta

*Britta S. Loftus*
*Partner*
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

---

**From:** Walden, Alexander <alexander.walden@bclplaw.com>
**Sent:** Wednesday, July 28, 2021 2:31 PM

**To:** Britta Loftus <britta@paddalawgroup.com>
**Cc:** Neenah_NuCoat <neenah_nucoat@bclplaw.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Schwendimann et al. v. Neenah, Inc. et al., C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued)


Britta,

Apologies for the oversight of not including you on the original e-mail. We will respond to the substance of your e-mail in due course.

Best,
Alex



**ALEXANDER WALDEN**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

---

**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Wednesday, July 28, 2021 3:29 PM
**To:** Walden, Alexander <alexander.walden@bryancave.com>
**Cc:** Neenah_NuCoat <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Schwendimann et al. v. Neenah, Inc. et al., C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued)

Alex,

I was not copied on your email below, but Devan forwarded it to me and asked me to respond. Please make sure to copy me on emails going forward.

August 10 does not work on our end because Devan will be out of state that week taking depositions in another matter.

In addition, as I noted in my email dated July 16, 2021, following Neenah's late production of 3324 pages of Mr. Abraham's documents, we will now need one additional day with Mr. Abraham to address the new document production (i.e., a total of 3 days, counting the deposition that has already been taken). Therefore, we will need two dates for Mr. Abraham's deposition.

Please let us know dates when he is available September 6-10, September 21-24, and/or September 27-30. Once we have a better handle on Neenah's late production from Mr. Abraham, we will let you know whether the final day (regarding the new production) will fall under the existing 30(b)(6) topics or whether a new deposition notice will be needed.

Separately, please let us know dates during that same timeframe when Frank Kronzer is available for a deposition.

Thank you,
Britta

*Britta S. Loftus*
Partner
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

---

**From:** Devan Padmanabhan <devan@paddalawgroup.com>
**Sent:** Wednesday, July 28, 2021 2:01 PM
**To:** Britta Loftus <britta@paddalawgroup.com>
**Subject:** FW: Schwendimann et al. v. Neenah, Inc. et al., C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued)

---

**From:** Walden, Alexander <alexander.walden@bclplaw.com>
**Sent:** Wednesday, July 28, 2021 1:52 PM
**To:** Devan Padmanabhan <devan@paddalawgroup.com>
**Cc:** Neenah_NuCoat <neenah_nucoat@bclplaw.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** Schwendimann et al. v. Neenah, Inc. et al., C.A. No. 19-361-LPS - 30b6 Deposition of Neenah - Keith Abraham (continued)


Hi Devan,

Mr. Abraham is available to continue his deposition on Tuesday, August 10th. Please let us whether that works for you as soon as feasible, so the witness can make arrangements.

Best,
Alex



ALEXANDER WALDEN
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

# EXHIBIT 4

**Rodriguez, Teresa**

| | |
|---|---|
| **From:** | Walden, Alexander |
| **Sent:** | Monday, April 19, 2021 4:23 PM |
| **To:** | 'Britta Loftus' |
| **Cc:** | Siser_NuCoat@HDP.com; Neenah_NuCoat; Fanelli, Dominic; Gaza, Anne Shea; Wilson, Samantha; Swadley, Beth A.; Vrana, Robert; Annette Arce; Michelle Dawson; Mariah Reynolds; McGivney, Peter; Devan Padmanabhan; Paul Robbennolt |
| **Subject:** | RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS -  Schwendimann et al. v. Neenah, Inc. et al.-  30(b)(6) Depositions |

Britta,

While we disagree with the positions set forth below, we believe the best course is to have a discussion regarding the parties' respective notices and the topics therein that will be covered by the parties designee(s).  In that regard, Rule 30(b)(6), as amended, now requires that the parties "must confer in good faith about the matters for examination."  Please let us know your availability for a call tomorrow to discuss in advance of the deposition on Wednesday corresponding to Plaintiffs' First 30(b)(6) Notice.

Thank you,
Alex



**ALEXANDER WALDEN**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Sunday, April 18, 2021 7:49 PM
**To:** Walden, Alexander <alexander.walden@bryancave.com>
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- 30(b)(6) Depositions

Alex,

Our understanding is based upon the Rules, which provide that the number of hours depends on how many witnesses the parties designate. *See* Fed. R. Civ. P. 30(b)(6) & committee notes on Rule 30(d)(2). Therefore, if one witness is designated under a 30(b)(6) notice, the deposition relating to that notice is limited to 7 hours. If multiple witnesses are designated under a single 30(b)(6) notice, the deposition of each designee is considered a separate deposition.

Therefore, the number of hours Plaintiffs are entitled to for the depositions of Defendants' designees will depend upon how many witnesses Defendants designate for each notice. In that regard, please let us know, for each notice, which witness(es) Neenah and Avery are designating on which topics.

With respect to the 30(b)(6) deposition of NuCoat, NuCoat currently plans to designate Jodi Schwendimann on all topics. Plaintiffs assume that much of Jodi's Schwendimann's personal deposition – which has been noticed for three days* – will overlap with the Topics in the Notice. This is particularly true given that – even though the notice purports to be a corporate deposition of NuCoat – the Notice defines "You" as including Jodi Schwendimann and includes numerous topics about Jodi Schwendimann's personal knowledge.** *See* Topic 1 (regarding "Your work with Bill Nasser"), Topic 10 ("the factual support for the statements made by You …"), etc. Given that these topics are specifically directed to Jodi Schwendimann, we expect they will already be covered in Jodi's personal deposition. For this reason, Plaintiffs expect that four full days of deposition with Jodi Schwendimann – in both her capacity as an individual and in her capacity as a corporate witness for NuCoat – will be more than sufficient. In addition, Plaintiffs are not opposed to designating the parts of Schwendimann's personal deposition that cover the topics as 30(b)(6) testimony.

(*Plaintiffs note that the only reason Defendants are permitted 21 hours with Jodi Schwendimann as a fact witness is because the Scheduling Order permits it; the rules typically would limit Defendants to one seven hour deposition as an individual and one seven hour deposition as a 30(b)(6) witness. Instead, Defendants will have 28 hours with Ms. Schwendimann.)

(**Plaintiffs will be serving objections to the 30(b)(6) deposition of NuCoat, including to the definition of "You" set forth in the notice.)

Thanks,
Britta

*Britta S. Loftus*
Partner
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
45 South 7th Street, Suite 2315
Minneapolis, Minnesota 55402



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** Walden, Alexander <alexander.walden@bclplaw.com>
**Sent:** Tuesday, April 13, 2021 10:46 AM
**To:** Britta Loftus <britta@paddalawgroup.com>
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat <neenah_nucoat@bclplaw.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- 30(b)(6) Depositions


Britta,

Our understanding, based on your 30(b)(6) deposition notices, is that both sides will be permitted to take up to 3 days (7 hours per day) total for the respective 30(b)(6) depositions.  Please confirm that our understanding is correct.

In that regard, please confirm that, in addition to May 11th, Plaintiffs' are also available for their 30(b)(6) deposition on May 12th and 13th.  If not, please provide alternate dates when Plaintiffs are available.

Thank you,
Alex



ALEXANDER WALDEN
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Wednesday, March 31, 2021 11:18 AM
**To:** Walden, Alexander <alexander.walden@bryancave.com>
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- Notice to Take Deposition

Alex,

May 11 works.

Thanks,
Britta

*Britta S. Loftus*
Partner
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** Walden, Alexander <alexander.walden@bclplaw.com>
**Sent:** Wednesday, March 31, 2021 9:49 AM
**To:** Britta Loftus <britta@paddalawgroup.com>
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat <neenah_nucoat@bclplaw.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter

<pmcgivney@bergerharris.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- Notice to Take Deposition


Britta,

Please let us know Plaintiffs' availability for the 30(b)(6) deposition.

Thank you,
Alex



ALEXANDER WALDEN
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

---

**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Monday, March 15, 2021 9:44 AM
**To:** Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- Notice to Take Deposition

Counsel,

NuCoat is not available on the date noticed for the 30(b)(6) deposition. We will get back to you soon regarding other possible dates.

Thanks,
Britta

*Britta S. Loftus*
Partner
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
45 South 7th Street, Suite 2315
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** Britta Loftus
**Sent:** Monday, March 15, 2021 8:41 AM
**To:** Vrana, Robert <RVrana@ycst.com>; Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat@bryancave.com <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- Notice to Take Deposition

Please redact topic 51(b). Plaintiffs do not require additional redactions.

*Britta S. Loftus*
Partner
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** Vrana, Robert <RVrana@ycst.com>
**Sent:** Monday, March 15, 2021 8:34 AM
**To:** Annette Arce <annette@paddalawgroup.com>; Michelle Dawson <michelle@paddalawgroup.com>; Britta Loftus <britta@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; McGivney, Peter <pmcgivney@bergerharris.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat@bryancave.com <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- Notice to Take Deposition

Counsel,

Following up on the email below, as defendants' redactions are due today.  Please let us know if plaintiffs have any further redactions to propose no later than 2pm ET.  If we do not hear anything, we will proceed with only the redaction to topic 51(b) identified below.



**Robert M. Vrana**, *Associate*
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6726 | F: 302.576.3741
RVrana@ycst.com | www.youngconaway.com | vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

**From:** Vrana, Robert
**Sent:** Tuesday, March 9, 2021 4:37 PM
**To:** annette@paddalawgroup.com; Dawson, Michelle <michelle@paddalawgroup.com>; Loftus, Britta <britta@paddalawgroup.com>; mariah@paddalawgroup.com; McGivney, Peter <pmcgivney@bergerharris.com>; Padmanabhan, Devan <devan@paddalawgroup.com>; paul@paddalawgroup.com
**Cc:** Siser_NuCoat@HDP.com; Neenah_NuCoat@bryancave.com <Neenah_NuCoat@bryancave.com>; Fanelli, Dominic <DFanelli@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Swadley, Beth A. <BSwadley@ycst.com>
**Subject:** RE: Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- Notice to Take Deposition

Counsel,

Defendants filed their 30(b)(6) notice under seal due to what we understand may be plaintiffs' confidential information in topic 51(b).  Please let us know as soon as possible whether plaintiffs have any redactions to propose to the notice so that we may file a redacted version.



**Robert M. Vrana**, *Associate*
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6726 | F: 302.576.3741
RVrana@ycst.com | www.youngconaway.com | vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

**From:** Fanelli, Dominic <DFanelli@ycst.com>
**Sent:** Monday, March 8, 2021 5:42 PM
**To:** annette@paddalawgroup.com; Dawson, Michelle <michelle@paddalawgroup.com>; Gaza, Anne Shea <agaza@ycst.com>; Loftus, Britta <britta@paddalawgroup.com>; mariah@paddalawgroup.com; McGivney, Peter <pmcgivney@bergerharris.com>; Padmanabhan, Devan <devan@paddalawgroup.com>; paul@paddalawgroup.com; Siser_NuCoat@HDP.com; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** Neenah/Avery/NuCoat - C.A. No. 19-361-LPS - Schwendimann et al. v. Neenah, Inc. et al.- Notice to Take Deposition

Please see the sealed docket entry below:

**Docket Text:**

**[SEALED] NOTICE to Take Deposition of NuCoat, Inc. - 30(b)(6) on April 21, 2021 filed by Avery Products Corporation, Neenah, Inc..(Vrana, Robert)**



**Dominic Fanelli, Paralegal**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6665 | F: 302.576.3396
DFanelli@ycst.com | www.youngconaway.com

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.
**From:** ded_nefreply@ded.uscourts.gov <ded_nefreply@ded.uscourts.gov>
**Sent:** Monday, March 8, 2021 5:40 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:19-cv-00361-LPS Schwendimann et al. v. Neenah, Inc. et al. Notice to Take Deposition

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered by Vrana, Robert on 3/8/2021 at 5:39 PM EST and filed on 3/8/2021

| | |
|---|---|
| **Case Name:** | Schwendimann et al. v. Neenah, Inc. et al. |
| **Case Number:** | 1:19-cv-00361-LPS |
| **Filer:** | Avery Products Corporation |
| | Neenah, Inc. |
| **Document Number:** | 173 |

**Docket Text:**
**[SEALED] NOTICE to Take Deposition of NuCoat, Inc. - 30(b)(6) on April 21, 2021 filed by Avery Products Corporation, Neenah, Inc..(Vrana, Robert)**

**1:19-cv-00361-LPS Notice has been electronically mailed to:**

Alexander D. Walden      Alexander.Walden@bclplaw.com

Anne Shea Gaza      agaza@ycst.com, corpcal@ycst.com, corporate@ycst.com

Beth Ann Swadley      bswadley@ycst.com, corpcal@ycst.com, corporate@ycst.com

Britta S. Loftus      britta@paddalawgroup.com, annette@paddalawgroup.com

David B. Cupar      dcupar@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com

Devan V Padmanabhan      devan@paddalawgroup.com, annette@paddalawgroup.com

Eric P. Schroeder      eric.schroeder@bclplaw.com, genelle.viars@bclplaw.com

Erin A. Kelly      erin.kelly@bclplaw.com

Glenn E. Forbis      gforbis@hdp.com, lquakenbush@hdp.com

Joseph J Richetti      Joe.Richetti@bclplaw.com, tcrodriguez@bclplaw.com

Mariah L. Reynolds      mariah@paddalawgroup.com, annette@paddalawgroup.com

Michelle E. Dawson      Michelle@paddalawgroup.com, annette@paddalawgroup.com

Paul B. Sudentas      paul.sudentas@bclplaw.com

Paul J. Robbennolt      paul@paddalawgroup.com, annette@paddalawgroup.com

Peter C. McGivney      pmcgivney@bergerharris.com, mnicholls@bergerharris.com

Robert M. Vrana      rvrana@ycst.com, corpcal@ycst.com, corporate@ycst.com

Stephen B. Brauerman      sbrauerman@bayardlaw.com, dchase@bayardlaw.com, ntalarowski@bayardlaw.com, tdevine@bayardlaw.com

**1:19-cv-00361-LPS Filer will deliver document by other means to:**

Brynne A. Grady
UNDELIVERABLE EMAIL 2/12/2020

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/8/2021] [FileNumber=4462893-
0]
[94aace4d8f96ccfa7de4ca753d852dc569dfd798480a3481b76149907f53474ce4d8
0e22da0c38c811d0ce9ac95c8d94c3cedeb15f5e0913682944fd5747d08c]]

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

# EXHIBIT 5

## Walden, Alexander

| | |
|---|---|
| **From:** | Britta Loftus <britta@paddalawgroup.com> |
| **Sent:** | Tuesday, September 28, 2021 9:57 AM |
| **To:** | Walden, Alexander |
| **Cc:** | Siser_NuCoat; Devan Padmanabhan; Paul Robbennolt; Annette Arce; Mariah Reynolds; Luchsinger, J. Bradley; Neenah_NuCoat; Forbis, Glenn; Gaza, Anne Shea (agaza@ycst.com); Vrana, Robert (RVrana@ycst.com); SBrauerman@bayardlaw.com; pmcgivney@bergerharris.com |
| **Subject:** | RE: Schwendimann v. Neenah/Avery/Siser, 19-361-LPS; 19-362-LPS; 19-1363-LPS; 19-1364-LPS |

Alex,

Devan and I are available for a meet and confer at noon Eastern/11am Central. We will check to see if Peter is available then.

Regarding the issue of timing, as you acknowledge, on September 9 (the last day of Jodi Schwendimann's personal depositions), Defendants promised to send a revised list of topics and agreed that the list of revised topics would not cover topics that had already been covered during Jodi Schwendimann's 21 hours of personal depositions. However, it was not until Sunday evening, September 26 – 2.5 weeks after you promised to provide revised topics – that Defendants finally sent the revised topics, and only after we sent an email regarding Defendants' failure to send the revised list as promised. Counsel for Plaintiffs promptly reviewed the list of topics when we finally received it, and we were surprised to find that there were still 36 topics, almost all of which had already been covered in Jodi Schwendimann's personal depositions. (Counsel for Neenah/Avery was present during all three days of Jodi Schwendimann's testimony and, therefore, has knowledge that these topics were already covered.) This voluminous overlap in topics was particularly surprising because you previously represented that Defendants would not depose NuCoat on the same topics that had been covered during the three days of Jodi Schwendimann's personal depositions.

Finally, we note that Plaintiffs have not refused to designate anyone for NuCoat's 30(b)(6) deposition. Plaintiffs are willing to make Jodi Schwendimann available as the designee on the non-contention topics that have not already been covered, which, in our view, includes only Topic 7. We can discuss this during the meet and confer.

Thank you,
Britta

*Britta S. Loftus*
*Partner*
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** Walden, Alexander <alexander.walden@bclplaw.com>
**Sent:** Tuesday, September 28, 2021 8:09 AM
**To:** Britta Loftus <britta@paddalawgroup.com>
**Cc:** Siser_NuCoat <Siser_NuCoat@HDP.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>; Annette Arce <annette@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Luchsinger, J. Bradley <bluchsinger@HDP.com>; Neenah_NuCoat <neenah_nucoat@bclplaw.com>; Forbis, Glenn <gforbis@HDP.com>; Gaza, Anne Shea (agaza@ycst.com) <agaza@ycst.com>; Vrana, Robert (RVrana@ycst.com) <RVrana@ycst.com>; SBrauerman@bayardlaw.com; pmcgivney@bergerharris.com
**Subject:** RE: Schwendimann v. Neenah/Avery/Siser, 19-361-LPS; 19-362-LPS; 19-1363-LPS; 19-1364-LPS


Britta,

Three days before the close of fact discovery and two day before the long-scheduled 30(b)(6) deposition, Plaintiffs are now refusing to designate ***anyone*** to testify on any topics on behalf of NuCoat. This is, frankly, unacceptable. While the parties have had certain discussions over the past months as to whether Defendants would need more than one day to complete the 30(b)(6) deposition and whether certain topics could be dropped based on Ms. Schwendimann's personal deposition, Plaintiffs have never indicated that they would refuse outright to make a witness available for the 30(b)(6) deposition. Indeed, at the end of Ms. Schwendimann's fact deposition, Defendants agreed that they would complete the 30(b)(6) in a single day, and agreed to provide a streamlined list of 30(b)(6) topics, which Defendants did via e-mail to Plaintiffs on September 26th. Plaintiffs' refusal to designate anyone for a 30(b)(6) deposition is particularly egregious given that ***Defendants have already made their representatives available for 10 days of 30(b)(6) testimony*** in connection with Plaintiffs' 30(b)(6) notices to Defendants.

In short, to the extent Plaintiffs' refuse to designate anyone for NuCoat's 30(b)(6) deposition, Defendants will be forced to move the Court. Please let us know your availability (and your local counsel's availability) from 10 am – 4 pm eastern today for a meet and confer.


Best regards,
Alex



ALEXANDER WALDEN
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395


**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Monday, September 27, 2021 11:56 PM
**To:** Walden, Alexander <alexander.walden@bryancave.com>
**Cc:** Siser_NuCoat <Siser_NuCoat@HDP.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>; Annette Arce <annette@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Luchsinger, J. Bradley <bluchsinger@HDP.com>; Neenah_NuCoat <Neenah_NuCoat@bryancave.com>; Forbis, Glenn <gforbis@HDP.com>
**Subject:** RE: Schwendimann v. Neenah/Avery/Siser, 19-361-LPS; 19-362-LPS; 19-1363-LPS; 19-1364-LPS

Alex,

Defendants have already covered the following Topics with Schwendimann during her first three days of testimony in this case: 1-6, 12-15, 17-24, 28-30, and 32-36. Therefore, NuCoat will not make a witness available on those topics.

In addition, Topics 8-11, 16, and 25-27 are directed to Plaintiffs' contentions regarding legal issues/conclusions. As you know based upon your June 24 email on the same subject, this is improper subject matter for a 30(b)(6) deposition and, moreover, interrogatories—not depositions—are the appropriate mechanism for obtaining another party's contentions. Therefore, NuCoat will not make a witness available on those topics.

With respect to Topic 31 regarding authenticity, Plaintiffs' position is that authenticity of documents is more properly handled during pretrial submissions. Therefore, NuCoat will not make a witness available on this topic. With respect to the possibility of stipulating at this stage to the authenticity of all documents produced by a party, Plaintiffs are unable to stipulate to the authenticity of documents they produced because many of the documents are not Plaintiffs' documents (e.g., they are internal AACI documents).

Plaintiffs will make Schwendimann available as a designee for NuCoat on Topic 7. However, NuCoat does not have knowledge of the technical aspects of the claims of the Light Transfer Patents-in-Suit, because the Light Transfer Patents-in-Suit were not invented by NuCoat or its employees. Please let us know if Defendants would still like to proceed with the deposition of NuCoat on this topic.

Please let us know if you would like to meet and confer on these issues prior to the deposition and, if so, when you are available.

Thank you,
Britta

*Britta S. Loftus*
*Partner*
*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

---

**From:** Walden, Alexander <alexander.walden@bclplaw.com>
**Sent:** Sunday, September 26, 2021 10:01 PM
**To:** Britta Loftus <britta@paddalawgroup.com>
**Cc:** Siser_NuCoat <Siser_NuCoat@HDP.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>; Annette Arce <annette@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Luchsinger, J. Bradley <bluchsinger@HDP.com>; Neenah_NuCoat <neenah_nucoat@bclplaw.com>; Forbis, Glenn <gforbis@HDP.com>
**Subject:** RE: Schwendimann v. Neenah/Avery/Siser, 19-361-LPS; 19-362-LPS; 19-1363-LPS; 19-1364-LPS

Britta,

Attached please find a Supplemental Rule 30(b)(6) deposition notice for NuCoat, in which we have reduced the number of topics in light of the testimony given during Ms. Schwendimann's personal deposition.

Additionally, in order to further streamline the deposition we propose that each of the parties agree to the authenticity of all of that party's documents, e-mails and things that were produced by that party. In other words, each party agrees that it will not contest the authenticity of any of its documents, e-mails and things that were produced in this case. Assuming that Plaintiffs agree, we can also remove topic No. 31 in the attached supplemental notice. Please let us know whether Plaintiffs agree with this approach by the end of the day tomorrow (Monday).

Best regards,
Alex



ALEXANDER WALDEN
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - New York, NY USA
alexander.walden@bclplaw.com
T: +1 212 541 2395

---

**From:** Britta Loftus <britta@paddalawgroup.com>
**Sent:** Friday, September 24, 2021 7:36 PM
**To:** Forbis, Glenn <gforbis@HDP.com>; Walden, Alexander <alexander.walden@bryancave.com>
**Cc:** Siser_NuCoat <Siser_NuCoat@HDP.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Paul Robbennolt <paul@paddalawgroup.com>; Annette Arce <annette@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Luchsinger, J. Bradley <bluchsinger@HDP.com>; Neenah_NuCoat <Neenah_NuCoat@bryancave.com>
**Subject:** Schwendimann v. Neenah/Avery/Siser, 19-361-LPS; 19-362-LPS; 19-1363-LPS; 19-1364-LPS

Glenn and Alex,

Our understanding was that Defendants had agreed that – after the conclusion of Jodi Schwendimann's three days of personal testimony – Defendants would review the 30(b)(6) notice of NuCoat to determine what topics remain to be covered.

We have not received the list of such topics from Defendants. Please provide the topics by Monday morning so that we can meet and confer regarding the topics prior to the deposition of NuCoat.

Thank you,
Britta

*Britta S. Loftus*
Partner

4

*Padmanabhan & Dawson, PLLC*
*612-444-3690*
*britta@paddalawgroup.com*
*45 South 7th Street, Suite 2315*
*Minneapolis, Minnesota 55402*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JODI A. SCHWENDIMANN, f/k/a JODI A. DALVEY, an individual and NUCOAT, Inc., a Minnesota corporation, | C.A. 19-361-LPS |
| Plaintiffs, | (Consolidated) |
| v. | **CONFIDENTIAL – FILED UNDER SEAL** |
| NEENAH, INC., et al, | |
| Defendants. | |

**SUPPLEMENTAL NOTICE OF DEPOSITION**
**PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants Neenah, Inc. ("Neenah"), Avery Products Corporation ("Avery"),

and Siser North America, Inc. ("Siser") (collectively, "Defendants") will take the deposition

upon oral examination of NuCoat, Inc. ("NuCoat") commencing at 9 a.m. on September 29,

2021 *via* Zoom, or as otherwise agreed to by the parties.  The deposition will continue from day

to day until complete, with such adjournment as to time and place as may be necessary.  The

deposition will be recorded by stenographic means and video means before a Notary Public or

other officer authorized by law and pursuant to the Federal Rules of Civil Procedure.  Pursuant to

Fed. R. Civ. P. 30(b)(6), NuCoat is required to designate one or more persons to testify at the

deposition as to the subject matters and information known or reasonably available to NuCoat.

The subjects covered in the deposition will include the subjects listed on Schedule A, attached to

this Notice.

1

PLEASE TAKE FURTHER NOTICE that NuCoat is requested to provide Defendants with written notice, at least five (5) business days in advance of the deposition, of (1) the name and employment position of each person who NuCoat shall designate to testify on its behalf, and (2) the topics in Schedule A as to which each such designee has been designated to testify.

Dated:  September 28, 2021

OF COUNSEL:

Joseph J. Richetti
Alexander D. Walden
Paul B. Sudentas
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-1092
joe.richetti@bclplaw.com
alexander.walden@bclplaw.com
paul.sudentas@bclplaw.com

Erin A. Kelly
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
(303) 866-0422
erin.kelly@bclplaw.com

Eric P. Schroeder
BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471
(404) 572-6894
eric.schroeder@bclplaw.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Defendant Neenah, Inc. and*
*Avery Products Corporation*

Of Counsel:

Glenn E. Forbis
J. Bradley Luchsinger
Jewell N. Briggs
HARNESS DICKEY & PIERCE PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
gforbis@HDP.com
bluchsinger@hdp.com
jbriggs@hdp.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
600 North King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Defendant*
*Siser North America, Inc.*

3

<u>SCHEDULE A</u>

*Definitions*

1. "Schwendimann" refer to Jodi A. Schwendimann (f/k/a Jodi A. Dalvey).

2. "NuCoat" refers to NuCoat, Inc. and its subsidiaries, affiliates, divisions, as well as its respective officers, directors, employees, and representatives.

3. The terms "You," "Your," and "Plaintiffs" refers to Schwendimann and NuCoat, collectively.

4. The term "Litigation" means the above-captioned consolidated action, currently pending in the United States District Court for the District of Delaware.

5. The "'623 patent" refers to U.S. Patent No. RE41,623.

6. The "'042 patent" refers to U.S. Patent No. 7,754,042.

7. The "'581 patent" refers to U.S. Patent No. 7,749,581.

8. The "'554 patent" refers to U.S. Patent No. 7,771,554.

9. The "'475 patent" refers to U.S. Patent No. 7,776,475.

10. The "'773 patent" refers to U.S. Patent No. 6,723,773.

11. The "'200 patent" refers to U.S. Patent No. 6,410,200.

12. The "'746 patent" refers to U.S. Patent No. 7,008,746.

13. "Dark Transfer Patents-in-Suit" means the '623 patent, the '042 patent, the '581 patent, the '554 patent, and the '475 patent, collectively.

14. "Light Transfer Patents-in-Suit" means the '773 patent, the '200 patent, and the '746 patent, collectively.

15. "Patents-in-Suit" means the Dark Transfer Patents-in-Suit and the Light Transfer Patents-in-Suit, collectively.

16. The term "Neenah's Accused Products" refers to all of Neenah's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Neenah's products identified in Plaintiffs' Initial Claim Chart served on Neenah in this Litigation on May 18, 2020 and Plaintiffs' Supplemental Claim Chart served on May 3, 2021.

17. The term "Avery's Accused Products" refers to all of Avery's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Avery's products identified in Plaintiffs' Initial Claim Chart served on Avery in this

Litigation on May 18, 2020 and Plaintiffs' Supplemental Claim Chart served on May 3, 2021.

18. The term "Siser's Accused Products" refers to all of Siser's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Siser's products identified in Plaintiffs' Initial Claim Chart served on Siser in this Litigation on May 18, 2020 and Plaintiffs' Supplemental Claim Chart served on May 3, 2021.

19. The term "Dark Transfer Covered Products" refers to all products made, sold, or offered for sale by Plaintiffs that (i) include an opaque layer and that are intended to be used to transfer an image to a colored substrate; or (ii) otherwise are alleged to practice any claim of the Dark Transfer Patents-in-Suit.

20. The term "Light Transfer Covered Products" refers to all products made, sold, or offered for sale by Plaintiffs that are alleged to practice any claim of the Light Transfer Patents-in-Suit.

21. The term "Covered Products" refers to the Dark Transfer Covered Products and Light Transfer Covered Products.

22. The term "Other Products" refers to image transfer sheet products that are not alleged to infringe or otherwise be covered by the claims of the Patents-in-Suit.

23. "USPTO" means United States Patent and Trademark Office.

---

### *Rule 30(b)(6) Topics*

1. The history of American Coating Technologies, Your work with Bill Nasser, the paper coating products that American Coating sold for Hewlett-Packard desk top inkjet printers, and Plaintiff's allegation that in the late 1990s, Schwendimann and Bill Nasser began selling their transfer paper products through Nasser's company, American Coating (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 42).

2. The history of Cooler Concepts, Inc., including, without limitation, the relationship between You and Cooler Concepts, Inc. and the transfer paper products developed, offered-for sale, and sold by Cooler Concepts, Inc.

3. The history of NuCoat, including, without limitation, the transfer paper products developed, offered-for sale, and sold by NuCoat, Inc.

4. The preparation, filing, and prosecution of the Patents-in-Suit or any patent or application in the same family as a patent asserted in this Litigation, including all inventor notes, draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all communications regarding the preparation, filing, and

prosecution of such patent applications, including any instructions or communications regarding any suggested or actual responses to office actions.

5. The reasons for and circumstances surrounding the new content added to U.S. Patent Application 09/541,845 relative to U.S. Patent Application No. 09/391,910.

6. The reasons for and circumstances surrounding the decision to file U.S. Application No. 12/218,260 (reissue application of U.S. Patent No. 6,884,311), including the modifications that were made in this application relative to U.S. Patent No. 6,884,311 and the reasons therefore.

7. The technical aspects of the inventions claimed and/or described in the Light Transfer Patents-in-suit, including without limitation: the formulations and structures of the various disclosed embodiments including all Examples identified in the specifications of the Light Transfer Patents-in-Suit; and all methods of using the embodiments disclosed in the Light Transfer Patents-in-Suit.

8. The factual bases for any assertions by You of any secondary indicia of nonobviousness for the Patents-in-Suit, including but not limited to: (1) commercial success; (2) long-felt need; (3) failed attempts by others; (4) copying; (5) unexpected results; (6) praise; (7) the taking of licenses by others; (8) expressions of surprise by experts and those skilled in the art; (9) evidence of the patentee proceeding contrary to the accepted wisdom of the prior art; and (10) the connection or nexus between each of the above factors (1) through (9) and such allegations.

9. The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart and their May 3, 2021 Supplemental Claim Chart served on Neenah.

10. The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart and their May 3, 2021 Supplemental Claim Chart served on Avery.

11. The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart and their May 3, 2021 Supplemental Claim Chart served on Siser.

12. All investigations, evaluations and/or testing of any of Neenah's Accused Products (collectively, "Neenah Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Neenah Assessments were conducted, who conducted the Neenah Assessments, which products were Assessed, the results of such Neenah Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

13. All investigations, evaluations and/or testing of any of Avery's Accused Products (collectively, "Avery Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Avery Assessments were conducted, who conducted the Avery Assessments, which products were Assessed, the results of such Avery Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

14. All investigations, evaluations and/or testing of any of Siser's Accused Products (collectively, "Siser Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Siser Assessments were conducted, who conducted the Siser Assessments, which products were Assessed, the results of such Siser Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

15. Identification of all Other Products ever offered for sale or sold by Plaintiffs, including, without limitation, any Other Products that have/had a backing material or substrate and a white pigment, and the time periods during which such products were/are offered for sale and sold.

16. The factual bases as to why You contend that Other Products are not considered Covered Products.

17. All research, design, development, manufacturing processes, testing, evaluation, production, or sales of any of the Covered Products.

18. The marketing/sale channels through which any Covered Products have been sold, including for example, through certain retailers, re-sellers, and/or distributors.

19. The identities of all persons or entities who are or have been customers or users, including for testing or evaluation purposes, of any Covered Product.

20. The promotion and/or marketing of the Covered Products, including without limitation an identification and description of the packaging and any literature that has accompanied any Covered Product at the time of shipment or sale and the history of when such materials were first designed, created, revised, and/included with any Covered Product.

21. The reasons why each Other Product is not an acceptable non-infringing alternative to the Accused Products and all information about such non-infringing alternatives, including but not limited to when such alternatives were designed and developed; whether they were ever implemented, by whom, and when; the cost to design and implement such alternatives; all performance characteristics of such alternatives; and all reasons why You contend any such alternative would not be acceptable to customers.

22. Your understanding of customer preferences, drivers of demand, and other reasons underlying customer purchase decisions for Neenah's Accused Products, Avery's Accused Products, Siser's Accused Products, Your Covered Products, and Other Products.

23. Your efforts to sell, market, advertise, promote, or otherwise commercialize the Covered Products, including but not limited to how You get and retain customers who purchase the Covered Products; identification of Your employees who sell, market, advertise, and/or promote the Covered Products between 2010 and 2019.

24. NuCoat's marketing capacity and manufacturing capacity from 2012 through present, including without limitation, the through-put of Your manufacturing processes and

equipment, details regarding shifts, overtime, and other manufacturing costs (including labor cost and facility costs), any history of manufacturing constraints or supply constraints, and the factual basis for any contention that NuCoat would have been able to meet demand for additional volume through its contract manufacturing relationships (*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 258).

25. The factual basis for Your contention that potential customers have turned to competitors like Neenah, Avery, or Siser ((*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 44), that Neenah, Avery, and Siser have competed, and continue to compete, directly with NuCoat in the sales of dark fabric transfer products ((*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶¶ 45, 196), and that as a result of Defendants' marketing and sales of their products, NuCoat lost customers, sales, and profits ((*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 255), including an identification by customer name and date of any specific sales opportunities You contend were lost due to Defendants' alleged infringement as well as an identification of Your specific product that the customer was considering.

26. The factual basis for Your contention that NuCoat offered the only acceptable, non-infringing alternative to Defendants' dark transfer products (*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 278).

27. The factual basis for Your contention that other major players in this market had product offerings that also infringed Schwendimann's patents (*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 257).



29. The valuation of any of the Patents-in-Suit or any patent or application that is related to any of the Patents-in-Suit, including any appraisals, assessments, evaluations, or opinions regarding the actual or potential value of any such patents or applications.

30. Your collection and production of responsive information, documents, communications and things responsive to discovery requests in this Litigation, including but not limited to the persons responsible for and involved in your document collection and production and preparation of responses to the discovery requests; actions taken to locate and produce responsive information, documents, communications and things; files and locations that were searched for responsive information, documents, communications and things; and communications relating thereto.

31. Authentication of documents produced by You in this Litigation.

32. Identify all documents Plaintiffs and/or Plaintiff's counsel reviewed in connection with investigating Plaintiff's claims of infringement in this Litigation, both before and/or after the Litigation was filed.

33. All persons or entities that have ever held any financial or legal interest in any of the Patents-in-Suit and the nature of such interest.

34. All attempts You (or anyone else) to enforce any of the Patents-in-Suit, or any other patents related thereto, including, without limitation, communications to third parties alleging infringement of or otherwise identifying any of the Patents-in-Suit, and lawsuits threatened or filed relating to any of the Patents-in-Suit.

35. All investigations by You relating to whether any third party products are potentially covered by any of the Patents-in-Suit.

36. Any and all agreements and arrangements between You and Foto-Wear, Inc.

## CERTIFICATE OF SERVICE

I, Robert M. Vrana, hereby certify that on September 28, 2021, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

Peter C. McGivney, Esquire
Berger Harris LLP
1105 North Market Street
11th Floor
Wilmington, DE 19801
pmcgivney@bergerharris.com

*Attorneys for Plaintiffs*

I further certify that on September 28, 2021, I caused the foregoing sealed document to be served via electronic mail upon the above-listed counsel and on the following counsel:

Devan Padmanabhan, Esquire
Michelle Dawson, Esquire
Britta Loftus, Esquire
Paul J. Robbennolt, Esquire
Mariah L. Reynolds, Esquire
Padmanabhan & Dawson, P.L.L.C.
PWC Plaza
45 South 7th Street, Suite 2315
Minneapolis, MN 55402
devan@paddalawgroup.com
michelle@paddalawgroup.com
britta@paddalawgroup.com
paul@paddalawgroup.com
mariah@paddalawgroup.com

*Attorneys for Plaintiffs*

Dated:  September 28, 2021

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Robert M. Vrana
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Defendants Neenah, Inc. and
Avery Products Corporation*

2

# EXHIBITS 7-9
# REDACTED IN THEIR ENTIRETY

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C.R. BARD, INC. and BARD PERIPHERAL      )
VASCULAR, INC.,                          )
                                         )
            Plaintiffs,                  )
                                         )
      v.                                 )      C.A. No. 15-218-SLR-SRF
                                         )
ANGIODYNAMICS, INC.,                     )
                                         )
            Defendant.                   )

**MEMORANDUM ORDER**

At Wilmington this 18 th day of **August, 2017**, the court having considered the parties'

discovery dispute submissions and the arguments presented during the May 25, 2017 discovery

dispute hearing (D.I. 158; D.I. 160; 5/25/17 Tr.), IT IS HEREBY ORDERED THAT defendant

AngioDynamics, Inc.'s ("AngioDynamics") motion to compel responses to Amended 30(b)(6)

Topics 5, 18, and 65 directed to plaintiffs C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.

("Bard") is GRANTED for the reasons set forth below.

**1. Background.** Bard brought this civil action for patent infringement against

AngioDynamics on March 10, 2015, asserting causes of action for infringement of U.S. Patent

Nos. 8,475,417 ("the '417 patent"), 8,545,460 ("the '460 patent"), and 8,805,478 ("the '478

patent") (collectively, the "patents-in-suit"). (D.I. 1 at ¶¶ 18-45)  Bard's PowerPort®

ClearVUE® implantable power-injectable port products are covered by the patents-in-suit.  *(Id.*

at ¶ 7)  According to Bard, AngioDynamics' implantable power-injectable port products,

including its Smart Port® products, infringe the patents-in-suit.  *(Id.* at ¶¶ 19, 27, 35)

**2.** At issue in this case is the date when AngioDynamics first became aware of the

patents-in-suit or their respective patent applications.  On April 4, 2017, AngioDynamics served

its 30(b)(6) deposition notice on Bard. (D.I. 132)  On May 25, 2017, the court held a hearing to address the parties' discovery disputes. (D.I. 143)  The Rule 30(b)(6) deposition of AngioDynamics' witness, Tina King, was held on May 31, 2017. (D.I. 174, Ex. E)

    **3. Analysis.**  Having considered the parties' briefing, as well as the arguments presented to the court during the May 25, 2017 hearing, the court grants AngioDynamics' motion to compel 30(b)(6) deposition testimony in response to Amended Topics 5, 18, and 65.[1]  The parties agree that contention topics are disfavored. (D.I. 158 at 2; 5/25/17 Tr. at 37:22-38:1)  However, AngioDynamics' amended topics seek specific factual information regarding when AngioDynamics first became aware of the patents-in-suit or their respective patent applications. Deposition testimony regarding the date and time of notice and marking, and who made the decision to identify the products as covered by the patents-in-suit, is too narrow to reveal Bard's legal position on willful infringement.

    **4.**  The circumstances before the court in *Pharmacia & Upjohn Co. v. Sicor Inc.* are distinguishable from the present case.  There, Judge Jordan noted that "there is some good force to the argument . . . that the inserting of the word 'facts' doesn't make this less of an effort to get at what is essentially the legal position of the party." (D.I. 160, Ex. D at 36)  However, the deposition topic in question broadly sought "[a]ll facts regarding Pharmacia's allegations regarding copying, commercial success . . . ." (*Id.*)  In contrast, AngioDynamics' amended topics are more narrowly tailored to obtain purely factual information regarding who identified

---

[1] Amended Topics 5 and 65 seek information regarding "[t]he circumstances of how Bard informed AngioDynamics about the existence of the Asserted Patents" and "[w]hether Bard identified any of its power-injectable access port products . . . as being covered by the Asserted Patents." (D.I. 158, Ex. F at Sched. A at 1, 4)  Amended Topic 18 requests information regarding "[t]he products Bard publicly lists as having 'patent coverage' relating to the Asserted Patents." (D.I. 158, Ex. F at Sched. A at 2)

the accused products and when notice was given to AngioDynamics. (D.I. 158, Ex. F, Sched. A at 1-4) Such facts are necessary to establish the basis of Bard's willful infringement contentions.

**5. Conclusion.** In view of the foregoing analysis, AngioDynamics' request for relief is granted.

6. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **August 25, 2017**. The court will subsequently issue a publicly available version of its Memorandum Order.

7. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

8. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

# Exhibit 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JODI A. SCHWENDIMANN, f/k/a JODI A. DALVEY, an individual and NUCOAT, Inc., a Minnesota corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>NEENAH, INC., et al,<br><br>          Defendants. | C.A. ~~19-1361~~19-361-LPS<br><br>(Consolidated)<br><br>**CONFIDENTIAL –<br>FILED UNDER SEAL** |

**SUPPLEMENTAL NOTICE OF DEPOSITION
PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants Neenah, Inc. ("Neenah"), Avery Products Corporation ("Avery"),

and Siser North America, Inc. ("Siser") (collectively, "Defendants") will take the deposition

upon oral examination of NuCoat, Inc. ("NuCoat") commencing at 9 a.m. on ~~April~~

~~21~~September 29, 2021 *via* Zoom, or as otherwise agreed to by the parties. The deposition will

continue from day to day until complete, with such adjournment as to time and place as may be

necessary. The deposition will be recorded by stenographic means and video means before a

Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil

Procedure. Pursuant to Fed. R. Civ. P. 30(b)(6), NuCoat is required to designate one or more

persons to testify at the deposition as to the subject matters and information known or

reasonably available to NuCoat. The subjects covered in the deposition will include the

subjects listed on Schedule A, attached to this Notice.

PLEASE TAKE FURTHER NOTICE that NuCoat is requested to provide Defendants with

written notice, at least five (5) business days in advance of the deposition, of (1) the name

and employment position of each person who NuCoat shall designate to testify on its

behalf, and (2) the topics in Schedule A as to which each such designee has been designated to

testify.

Dated: ~~March 8~~<u>September 28</u>, 2021

OF COUNSEL:

Joseph J. Richetti
Alexander D. Walden
Paul B. Sudentas
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-1092
joe.richetti@bclplaw.com
alexander.walden@bclplaw.com
paul.sudentas@bclplaw.com

Erin A. Kelly
BRYAN CAVE LEIGHTON PAISNER
LLP 1700 Lincoln Street, Suite
4100 Denver, CO 80203-4541
(303) 866-0422
erin.kelly@bclplaw.com

Eric P. Schroeder
BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471
(404) 572-6894
eric.schroeder@bclplaw.com

Of Counsel:

Glenn E. Forbis
J. Bradley Luchsinger
Jewell N. Briggs
HARNESS DICKEY & PIERCE PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
gforbis@HDP.com
bluchsinger@hdp.com
jbriggs@hdp.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP */s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Defendant Neenah, Inc. and
Avery Products Corporation*

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
600 North King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Defendant
Siser North America, Inc.*

3

SCHEDULE A

*Definitions*

1. "Schwendimann" refer to Jodi A. Schwendimann (f/k/a Jodi A. Dalvey).

2. "NuCoat" refers to NuCoat, Inc. and its subsidiaries, affiliates, divisions, as well as its respective officers, directors, employees, and representatives.

3. The terms "You," "Your," and "Plaintiffs" refers to Schwendimann and NuCoat, collectively.

4. The term "Litigation" means the above-captioned consolidated action, currently pending in the United States District Court for the District of Delaware.

5. The "'623 patent" refers to U.S. Patent No. RE41,623.

6. The "'042 patent" refers to U.S. Patent No. 7,754,042.

7. The "'581 patent" refers to U.S. Patent No. 7,749,581.

8. The "'554 patent" refers to U.S. Patent No. 7,771,554.

9. The "'475 patent" refers to U.S. Patent No. 7,776,475.

10. The "'773 patent" refers to U.S. Patent No. 6,723,773.

11. The "'200 patent" refers to U.S. Patent No. 6,410,200.

12. The "'746 patent" refers to U.S. Patent No. 7,008,746.

13. "Dark Transfer Patents-in-Suit" means the '623 patent, the '042 patent, the '581 patent, the '554 patent, and the '475 patent, collectively.

14. "Light Transfer Patents-in-Suit" means the '773 patent, the '200 patent, and the '746 patent, collectively.

15. "Patents-in-Suit" means the Dark Transfer Patents-in-Suit and the Light Transfer Patents-in-Suit, collectively.

16. The term "Neenah's Accused Products" refers to all of Neenah's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Neenah's products identified in Plaintiffs' Initial Claim ~~Charts~~Chart served on Neenah in this Litigation on May 18, 2020 and Plaintiffs' Supplemental Claim Chart served on May 3, 2021.

17. The term "Avery's Accused Products" refers to all of Avery's products that Plaintiffs' contend infringe one or more claims of the Patents-in-Suit, including without limitation, Avery's products identified in Plaintiffs' Initial Claim ~~Charts~~Chart served on Avery in this ~~Litigation on May 18, 2020.~~

1

Litigation on May 18, 2020 and Plaintiffs' Supplemental Claim Chart served on May 3, 2021.

18. The term "Siser's Accused Products" refers to all of Siser's products that Plaintiffs contend infringe one or more claims of the Patents-in-Suit, including without limitation, Siser's products identified in Plaintiffs' Initial Claim ~~Charts~~Chart served on Siser in this Litigation on May 18, 2020 and Plaintiffs' Supplemental Claim Chart served on May 3, 2021.

19. The term "Dark Transfer Covered Products" refers to all products made, sold, or offered for sale by Plaintiffs that (i) include an opaque layer and that are intended to be used to transfer an image to a colored substrate; or (ii) otherwise are alleged to practice any claim of the Dark Transfer Patents-in-Suit.

20. The term "Light Transfer Covered Products" refers to all products made, sold, or offered for sale by Plaintiffs that are alleged to practice any claim of the Light Transfer Patents-in-Suit.

21. The term "Covered Products" refers to the Dark Transfer Covered Products and Light Transfer Covered Products.

22. The term "Other Products" refers to image transfer sheet products that are not alleged to infringe or otherwise be covered by the claims of the Patents-in-Suit.

23. "USPTO" means United States Patent and Trademark Office.

***Rule 30(b)(6) Topics***

1. The history of American Coating Technologies, Your work with Bill Nasser, the paper coating products that American Coating sold for Hewlett-Packard desk top inkjet printers, and Plaintiff's allegation that in the late 1990s, Schwendimann and Bill Nasser began selling their transfer paper products through Nasser's company, American Coating (*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 42).

2. The history of Cooler Concepts, Inc., including, without limitation, the relationship between You and Cooler Concepts, Inc. and the transfer paper products developed, offered-for sale, and sold by Cooler Concepts, Inc.

3. The history of NuCoat, including, without limitation, the transfer paper products developed, offered-for sale, and sold by ~~Cooler Concepts~~NuCoat, Inc.

4. ~~The factual basis for Your contention there were five problems with the prior art two-step approach to transferring images on dark fabric (*see, e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 18).~~

5. ~~The conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing and/or evaluation of any product, process, or method related to the alleged inventions of any of the Patents-in-Suit, including, each person or entity involved in any way in such conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing, or evaluation.~~

2

0.   The technical manner in which a white layer "melts and mixes" with another layer in any of Dark Transfer Covered Products to effect the image transfer and provide a white background.

1.   The factual basis for Your contention that the claimed inventions of the Dark Transfer Patents-in-Suit resulted in a single transfer sheet where the printed image was sharp and clear (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 31).

4.   2.  The preparation, filing, and prosecution of the Patents-in-Suit or any patent or application in the same family as a patent asserted in this Litigation, including all inventor notes, draft and final versions of such applications, office actions, draft and final versions of responses to office actions, and all communications regarding the preparation, filing, and

2

prosecution of such patent applications, including any instructions or communications regarding any suggested or actual responses to office actions.

5. ~~3.~~ The reasons for and circumstances surrounding the new content added to U.S. Patent Application 09/541,845 relative to U.S. Patent Application No. 09/391,910.

6. ~~4.~~ The reasons for and circumstances surrounding the decision to file U.S. Application No. 12/218,260 (reissue application of U.S. Patent No. 6,884,311), including the modifications that were made in this application relative to U.S. Patent No. 6,884,311 and the reasons therefore.

~~5.   The proceedings before the USPTO in Inference Nos. 105,961, 105,964, 105,966, including without limitation, the factual support for the statements made by You in Inference Nos. 105,961, 105,964, 105,966.~~

~~6.   The technical aspects of the inventions claimed and/or described in the Dark Transfer Patents in Suit, including without limitation:~~

~~a.   the formulations and structures of the various disclosed embodiments including all Examples identified in the specifications of the Dark Transfer Patents;~~

~~b.   all aspects of the various disclosed "release layers";~~

~~c.   how the disclosed embodiments purportedly "melt" and "mix" to effect the image transfer;~~

~~d.   all methods of using the embodiments disclosed in the Dark Transfer Patents in Suit, including without limitation any disclosure of a "peel first" method;~~

~~e.   how the white layer provides an opaque background after the image has been transferred, including when the image transfer sheet has been used in a "peel first" method; and~~

~~f.   how the image is bound to or adhered to a garment.~~

3

~~13.~~

7.  The technical aspects of the inventions claimed and/or described in the Light Transfer Patents-in-suit, including without limitation:~~a.~~ the formulations and structures of the various disclosed embodiments including all Examples identified in the specifications of the Light Transfer Patents-in-Suit;

   ~~b.   all aspects of the various disclosed "release layers";~~

   ~~c.   all aspects of the various disclosed "polymeric compositions";d.~~ and all methods of using the embodiments disclosed in the Light Transfer Patents-in-Suit~~; and~~

   ~~e.   how the image is bound to or adhered to a garment.~~

~~14. The technical manner in which any of the embodiments disclosed in the Dark Transfer Patents-in-Suit transfer an image to a substrate (fabric) using the "peel first" or "peel second" method, including without limitation, the manner in the white layer "melts and mixes" with an adjacent layer, how the white layer provides an opaque background for the image (indicia), and how the image becomes viewable.~~

~~15~~.

8.  The factual bases for any assertions by You of any secondary indicia of nonobviousness for the Patents-in-Suit, including but not limited to: (1) commercial success; (2) long-felt need; (3) failed attempts by others; (4) copying; (5) unexpected results; (6) praise; (7) the taking of licenses by others; (8) expressions of surprise by experts and those skilled in the art; (9) evidence of the patentee proceeding contrary to the accepted wisdom of the prior art; and (10) the connection or nexus between each of the above factors (1) through (9) and such allegations.

~~16. Your first awareness of Neenah's Accused Products.~~

~~17. Your first awareness of Avery's Accused Products.~~

~~18. Your first awareness of Siser's Accused Products.~~

~~19. All facts concerning and/or relating to whether the Dark Transfer Covered Products include a white layer that "melts and mixes" with any other layer of the Dark Transfer Covered Products, including when that information was collected or ascertained and for which products.~~

~~20~~.

9.  The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart and their May 3, 2021 Supplemental Claim Chart served on Neenah.

10. ~~21.~~ The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart and their May 3, 2021 Supplemental Claim Chart served on Avery.

11. 22. The factual basis for Plaintiffs' infringement contentions in their May 18, 2020 Initial Claim Chart and their May 3, 2021 Supplemental Claim Chart served on Siser.

4

12. 23. All investigations, evaluations and/or testing of any of Neenah's Accused Products (collectively, "Neenah Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Neenah Assessments were conducted, who conducted the Neenah Assessments, which products were Assessed, the results of such Neenah Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

13. 24. All investigations, evaluations and/or testing of any of Avery's Accused Products (collectively, "Avery Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Avery Assessments were conducted, who conducted the Avery Assessments, which products were Assessed, the results of such Avery Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

3

14. 25. All investigations, evaluations and/or testing of any of Siser's Accused Products (collectively, "Siser Assessments"), both before and after the filing of this Litigation as concerning the Patents-in-Suit, including when the Siser Assessments were conducted, who conducted the Siser Assessments, which products were Assessed, the results of such Siser Assessments, and the facts communicated to You or Your counsel by any consultant and/or expert, and identify all documents reflecting or relating to same.

26. Identification of all Covered Products and the time period during which such products were offered for sale and sold by You or any third party.

27. The factual bases as to why You contend that the Covered Products practice an invention recited in any of the claims of the Patents-in-Suit, including identifying all claims You contend are practiced by the Covered Products and where each element of each claim can be found in the Covered Product.

28. The material compositions of the Covered Products, including the material compositions of any layers, coatings, or "passes" (*i.e.*, "first pass," "second pass," etc.) used to create any of the Covered Products or that exist in the Covered Products.

15. 29. Identification of all Other Products ever offered for sale or sold by Plaintiffs, including, without limitation, any Other Products that have/had a backing material or substrate and a white pigment, and the time periods during which such products were/are offered for sale and sold.

16. 30. The factual bases as to why You contend that Other Products are not considered Covered Products.

17. 31. All research, design, development, manufacturing processes, testing, evaluation, production, or sales of any of the Covered Products.

32. The relationship between Plaintiffs' product codes and internal product development codes or codes for certain constituent components/materials.

18. ~~33.~~ The marketing/sale channels through which any Covered Products have been sold, including for example, through certain retailers, re-sellers, and/or distributors.

19. ~~34.~~ The identities of all persons or entities who are or have been customers or users, including for testing or evaluation purposes, of any Covered Product.

20. ~~35.~~ The promotion and/or marketing of the Covered Products, including without limitation an identification and description of the packaging and any literature that has accompanied any Covered Product at the time of shipment or sale and the history of when such materials were first designed, created, revised, and/included with any Covered Product.

21. ~~36.~~ The reasons why each Other Product is not an acceptable non-infringing alternative to the Accused Products and all information about such non-infringing alternatives, including but not limited to when such alternatives were designed and developed; whether they were ever implemented, by whom, and when; the cost to design and implement such alternatives; all performance characteristics of such alternatives; and all reasons why You contend any such alternative would not be acceptable to customers.

~~37. Plaintiffs' marking (or lack of marking) of the Patents-in-Suit on the Covered Products and Other Products, including, without limitation, Other Products having a backing material or substrate and a white pigment, including without limitation marking on the NuCoat website, patent markings applied to product packaging including product labels, and patent markings applied to instruction sheets or other product literature that would have accompanied a product at the time of sale and/or shipment, including the identity of each product and/or service that was marked, the periods during which such products were sold, the history of when patent marking activities commenced, ended, and or when changes were made to the patent numbers listed in such materials.~~

~~38. The analysis, if any, by which the decision to mark (or not mark) the Patents-in-Suit on the Covered Products and any other of Your commercial products, including, without limitation Other Products having a white pigment and intended to transfer an image to a dark colored substrate was reached, including identification of the person(s) responsible for determining which products would be marked with the patents-in-suit and the person having responsibility for implementing Your patent marking activities.~~

~~39. The design, creation, and revision history of Your product labels, including information concerning who designed Your product labels, when You began applying product labels to Your products, and how and when it was determined to include or modify patent markings applied to Your product labels.~~

22. ~~40.~~ Your understanding of customer preferences, drivers of demand, and other reasons underlying customer purchase decisions for Neenah's Accused Products, Avery's Accused Products, Siser's Accused Products, Your Covered Products, and Other Products.

~~41. Your understanding of the size and growth rates associated with actual and potential markets for the Neenah's Accused Products, Avery's Accused Products, Siser's Accused Products, Your Covered Products, and Other Products; the customers and market~~

6

segments You target and/or serve; Your actual and anticipated market share; Your actual and anticipated pricing; and Your competitors, their product offerings, and pricing.

42. The reasons You chose to market and sell the Covered Products, including but not limited to customer requests or demands; anticipated price and/or profit premiums; anticipated incremental sales volumes; anticipated incremental market share; anticipated convoyed sales.

43. Your plans relating to the Covered Products, including, without limitation, estimates, projections, forecasts, budgets, business plans, strategic plans, marketing plans, financial plans, sales plans, and production plans between 2010 and 2019.

23. 44. Your efforts to sell, market, advertise, promote, or otherwise commercialize the Covered Products, including but not limited to how You get and retain customers who purchase the Covered Products; identification of Your employees who sell, market, advertise, and/or promote the Covered Products between 2010 and 2019.

24. 45. NuCoat's marketing capacity and manufacturing capacity from 2012 through present, including without limitation, the through-put of Your manufacturing processes and

4

equipment, details regarding shifts, overtime, and other manufacturing costs (including labor cost and facility costs), any history of manufacturing constraints or supply constraints, and the factual basis for any contention that NuCoat would have been able to meet demand for additional volume through its contract manufacturing relationships (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 258).

46. ~~Your revenues, costs, profits, and profit margins from the sale and/or distribution of the Covered Products, and Other Products.~~

47. ~~The circumstances under which all financial records and/or summary documents produced by You in this Litigation that purport to reflect Your revenues, costs, and profits from sales or distribution of the Covered Products were generated, the underlying data from which such records were generated, the explanation of any terms or legends in such records, and reconciliation of those figures across produced documents.~~

25. ~~48.~~ The factual basis for Your contention that potential customers have turned to competitors like Neenah, Avery, or Siser ((*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 44), that Neenah, Avery, and Siser have competed, and continue to compete, directly with NuCoat in the sales of dark fabric transfer products ((*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶¶ 45, 196), and that as a result of Defendants' marketing and sales of their products, NuCoat lost customers, sales, and profits ((*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 255), including an identification by customer name and date of any specific sales opportunities You contend were lost due to Defendants' alleged infringement as well as an identification of Your specific product that the customer was considering.

26. ~~49.~~ The factual basis for Your contention that NuCoat offered the only acceptable, non-infringing alternative to Defendants' dark transfer products (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 278).

50.

27. The factual basis for Your contention that other major players in this market had product offerings that also infringed Schwendimann's patents (*see*, *e.g.*, C.A. No. 19-00361, D.I. 60 at ¶ 257).

51. Your licensing activities, including but not limited to the following, to the extent they exist:

   a.   All facts and circumstances relating to any license agreements, settlement agreements, offers, drafts, and related discussions, negotiations, correspondence, or analyses relating to the Patents-in-Suit;

28. ███████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████

   c.   Your established policies, procedures or programs that involve the licensing (inbound and out-bound) of intellectual property;

   d.   Royalties or license fees You pay and/or receive for any patent rights and/or unpatented technology rights licensed (in-bound or out-bound);

   e.   Your knowledge of third party patent and/or unpatented technology license agreements relating to image transfer sheets.

52. All contracts, licenses, or agreements between You and any party regarding any of the Patents-in-Suit or any patent or application that is related to any Patent-in-Suit.

53. Any consideration, efforts, or attempts to assign, sell, transfer, or license to any party regarding any Patent-in-Suit or any patent or application that is related to any of the Patents-in-Suit.

54.

29. The valuation of any of the Patents-in-Suit or any patent or application that is related to any of the Patents-in-Suit, including any appraisals, assessments, evaluations, or opinions regarding the actual or potential value of any such patents or applications.

55. Any attempt to commercialize or otherwise derive revenue from any activity involving the subject matter claimed in any of the Patents-in-Suit or any patent or application that is related to any of the Patents-in-Suit.

56.

30. Your collection and production of responsive information, documents, communications and things responsive to discovery requests in this Litigation, including but not limited to the persons responsible for and involved in your document collection and production and preparation of responses to the discovery requests; actions taken to locate and produce responsive information, documents, communications and things; files and locations that

8

were searched for responsive information, documents, communications and things; and communications relating thereto.

31. ~~57.~~ Authentication of documents produced by You in this Litigation.

32. ~~58.~~ Identify all documents Plaintiffs and/or Plaintiff's counsel reviewed in connection with investigating Plaintiff's claims of infringement in this Litigation, both before and/or after the Litigation was filed.

~~59. The full chain of title for ownership of any of the Patents-in-Suit, including any agreements, contracts, assignments, and disputes regarding any right, title, or interest in any of the Patents-in-Suit.~~

5

33. 60. All persons or entities that have ever held any financial or legal interest in any of the Patents-in-Suit and the nature of such interest.

34. 61. All attempts You (or anyone else) to enforce any of the Patents-in-Suit, or any other patents related thereto, including, without limitation, communications to third parties alleging infringement of or otherwise identifying any of the Patents-in-Suit, and lawsuits threatened or filed relating to any of the Patents-in-Suit.

35. 62. All investigations by You relating to whether any third party products are potentially covered by any of the Patents-in-Suit.

63. The history of Foto-Wear, Inc., including, without limitation, its development, offer for sale, and sale of transfer paper products, its design, research, experimental work, development, reduction to practice, examination, analysis, testing and/or evaluation of any product, process, or method related to the alleged inventions of any of the Light Transfer Patents-in-Suit, its preparation, filing, and prosecution of the Light Transfer Patents-in-Suit or any patent or application in the same family as the Light Transfer Patents-in-Suit, and Your relationship with Foto-Wear, Inc., including, without limitation, the facts and circumstances surrounding Your licensing and/or acquisition of the Light Transfer Patents-in-Suit from Foto-Wear, Inc.

36. 64. Any and all agreements and arrangements between You and Foto-Wear, Inc.

Case 1:19-cv-00361-GBW   Document 294   Filed 10/25/21   Page 91 of 95 PageID #: 6421

96

<u>**CERTIFICATE OF SERVICE**</u>

I, Robert M. Vrana, hereby certify that on ~~March 8~~September 28, 2021, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

> Peter C. McGivney, Esquire
> Berger Harris LLP
> 1105 North Market Street
> 11th Floor
> Wilmington, DE 19801
> pmcgivney@bergerharris.com
>
> *Attorneys for Plaintiffs*

I further certify that on ~~March 8~~September 28, 2021, I caused the foregoing sealed document to be served via electronic mail upon the above-listed counsel and on the following counsel:

> Devan Padmanabhan, Esquire
> Michelle Dawson, Esquire
> Britta Loftus, Esquire
> Paul J. Robbennolt, Esquire
> Mariah L. Reynolds, Esquire
> Padmanabhan & Dawson, P.L.L.C.
> PWC Plaza
> 45 South 7th Street, Suite 2315
> Minneapolis, MN 55402
> devan@paddalawgroup.com
> michelle@paddalawgroup.com
> britta@paddalawgroup.com
> paul@paddalawgroup.com
> mariah@paddalawgroup.com
>
> *Attorneys for Plaintiffs*

Dated: ~~March 8~~September 28, 2021         YOUNG CONAWAY STARGATT
                                            & TAYLOR, LLP


                                            /s/ Robert M. Vrana
                                            Anne Shea Gaza (No. 4093)
                                            Robert M. Vrana (No. 5666)
                                            Samantha G. Wilson (No. 5816)
                                            Beth A. Swadley (No. 6331)
                                            Rodney Square
                                            1000 North King Street
                                            Wilmington, DE 19801
                                            (302) 571-6600
                                            agaza@ycst.com
                                            rvrana@ycst.com
                                            swilson@ycst.com
                                            bswadley@ycst.com

                                            *Attorneys for Defendants Neenah, Inc.
                                            and Avery Products Corporation*

2

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Vrana, hereby certify that on October 25, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Peter C. McGivney, Esquire
> Berger Harris LLP
> 1105 North Market Street
> 11th Floor
> Wilmington, DE 19801
> pmcgivney@bergerharris.com
>
> *Attorney for Plaintiffs*

I further certify that on October 25, 2021, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following counsel:

> Devan Padmanabhan, Esquire
> Michelle Dawson, Esquire
> Britta Loftus, Esquire
> Paul J. Robbennolt, Esquire
> Mariah L. Reynolds, Esquire
> Padmanabhan & Dawson, P.L.L.C.
> PWC Plaza
> 45 South 7th Street, Suite 2315
> Minneapolis, MN  55402
> devan@paddalawgroup.com
> michelle@paddalawgroup.com
> britta@paddalawgroup.com
> paul@paddalawgroup.com
> mariah@paddalawgroup.com
>
> *Attorneys for Plaintiffs*

Dated:  October 25, 2021

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
bswadley@ycst.com

*Attorneys for Defendants Neenah, Inc. and
Avery Products Corporation*

2