# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JODI A. SCHWENDIMANN, f/k/a JODI A. DALVEY, an Individual and NUCOAT, Inc., a Minnesota corporation,<br><br>                    Plaintiffs<br><br>v.<br><br>NEENAH, INC., a Delaware corporation, and AVERY PRODUCTS CORPORATION, a Delaware corporation, and SISER NORTH AMERICA, INC.,<br><br>                    Defendants. | Civil Action No. 19-361-LPS (Consolidated)<br><br>**PUBLIC VERSION** |

## LETTER TO THE HONORABLE LEONARD P. STARK
## FROM PETER C. MCGIVNEY REGARDING DISCOVERY DISPUTE
## PURSUANT TO THE COURT'S OCTOBER 8, 2021, ORAL ORDER

PADMANABHAN & DAWSON, P.L.L.C.
Devan Padmanabhan (admitted pro hac vice)
Michelle Dawson (admitted pro hac vice)
Britta Loftus (admitted pro hac vice)
PWC Plaza
45 South 7th Street, Suite 2315
Minneapolis, MN 55402
Telephone: (612) 444-3601
devan@paddalawgroup.com
michelle@paddalawgroup.com
britta@paddalawgroup.com

BERGER HARRIS LLP

Peter C. McGivney (No. 5779)
1105 N. Market Street, 11th Floor
Wilmington, DE 19801
(302) 655-1140
pmcgivney@bergerharris.com


*Attorneys for Plaintiffs*

Dated: October 20, 2021

**Public Version Dated: October 27, 2021**

Dear Judge Stark,

Plaintiffs respectfully request the Court deny Defendants' motion to compel additional testimony from NuCoat's 30(b)(6) designee on Topic Nos. 1-6 and 8-36. In their letter brief, Defendants do not dispute that these topics were already addressed during the three days (~20 hours) of testimony provided by Jodi Schwendimann. Defendants also do not dispute that Plaintiffs agreed – before the depositions – that Ms. Schwendimann's testimony may be used as 30(b)(6) testimony of NuCoat. Instead, Defendants argue that they should have a fourth deposition of Ms. Schwendimann because they have fully exhausted every possible question on every one of the 36 noticed Topics. Plaintiffs respectfully submit that the discovery Defendants seek is unreasonably duplicative and, moreover, that the information they seek has already obtained through discovery, including depositions, interrogatories, and document requests. Fed. R. Civ. P. 26(b)(2)(C).

**Factual Background**

1. On April 18, 2021, the day before the Ms. Schwendimann's first deposition, Plaintiffs agreed that Ms. Schwendimann's personal testimony could be designated as the 30(b)(6) testimony of NuCoat. Ex. 4, at 2. Plaintiffs also informed Defendants that they intended to designate Ms. Schwendimann on all Topics in the 30(b)(6) Notice. *Id*.

2. Defendants took approximately 20 hours of deposition of Ms. Schwendimann over the course of three days: April 19, May 28, and September 9. Ex. 7-9. Counsel representing both (1) Siser and (2) Neenah and Avery attended all three days of the deposition. *Id*.

3. Counsel for Plaintiffs met with Ms. Schwendimann prior to each of her three depositions and, during each meeting, they addressed the Topics in the (original) 30(b)(6) Notice as part of the efforts to prepare for the deposition. *See* Decl. of Devan V. Padmanabhan, Oct. 20, 2021.

4. On August 16, 2021, Defendants agreed that – after the final day of Ms. Schwendimann's testimony on September 9 – they would review the NuCoat 30(b)(6) Notice to determine what Topics remained to be covered. Def. Ltr. ¶ 4.

5. On September 9, 2021, counsel for Defendants confirmed that they would review the NuCoat 30(b)(6) Notice to determine what Topics remained to be covered. *E.g.*, Ex. 5, at 4.

6. Two-and-a-half weeks later, on Friday, September 24, counsel for Defendants still had not provided Plaintiffs with a list of Topics that remained for the deposition of NuCoat. *Id*. Counsel for Plaintiffs sent an email requesting the list of Topics that remained. *Id*.

7. Late Sunday evening, on September 26, 2021 – less than three days before the scheduled deposition of NuCoat and less than five days before the close of discovery – counsel for Defendants sent the list of updated Topics. *Id*. at 3-4.

8. Counsel for Plaintiffs were surprised to find that there were still 36 topics, almost all of which had already been covered in Jodi Schwendimann's personal depositions. *Id*. at 1.

9. On September 27, Plaintiffs informed Defendants that they would not agree to designate Ms. Schwendimann on Topics that had already been covered during her personal testimony (which Plaintiffs had agreed to designate as 30(b)(6) testimony). *Id*.

10. Plaintiffs have agreed to make Ms. Schwendimann available (1) as a 30(b)(6) designee on the Topic that had not been covered during the prior depositions (*id*.) and (2) for approximately 1.5 hours of additional personal testimony. *Id*. & ECF 285, at 1-2.

11. Counsel for Defendants also took the deposition of Ms. Schwendimann in the IPR proceedings on March 4, 2021. At Defendants' request, Plaintiffs agreed that the testimony from the IPR proceedings may be used as if it was given in the litigation. Ex. B. Thus, counsel for Defendants have taken four days of depositions of Ms. Schwendimann.

12. Plaintiffs have also produced transcripts from depositions of Ms. Schwendimann taken in May 2008, December 2011, and December 2015, and her testimony in the 2017 trial with AACI.

13. Plaintiffs' depositions of Avery in its corporate capacity pursuant to Rule 30(b)(6) totaled about 8 hours (three notices taken on three days).

14. Plaintiffs' depositions of Neenah in its corporate capacity pursuant to Rule 30(b)(6) totaled less than 16 hours (three notices taken on four days).

15. Plaintiffs' depositions of Siser in its corporate capacity pursuant to Rule 30(b)(6) and the personal deposition of Yoann Giorsetti combined totaled less than 20 hours (three 30(b)(6) notices and one personal deposition notice taken on four days).

**Argument**

Defendants' motion to compel should be denied because it seeks duplicative discovery. In particular, as set forth in the Chart attached hereto, all but one of the Topics set forth in Supplemental 30(b)(6) Notice were covered during the three days of depositions of Ms. Schwendimann. *See* Ex. A (setting forth testimony Ms. Schwendimann previously provided on each of the 34 Topics). Moreover, Plaintiffs agreed that her testimony could also designated and used as NuCoat's 30(b)(6) testimony – i.e., the "binding answers on [NuCoat's] behalf" that Defendants seek. Def. Ltr., at 3 (citing *Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, No. 09-CV-0663, 2011 WL 1636985, at *1 (D. Del. April 29, 2011)). (Although Defendants state that Plaintiffs made this offer only "now," the correspondence shows that Plaintiffs agreed to this before the first day of Ms. Schwendimann's depositions. Ex. 4, at 2.)

Thus, it is undisputed that (1) Defendants have already taken a deposition on these Topics and (2) they may use that testimony as binding answers on NuCoat's behalf. Therefore, the only real issue that Defendants raise now is whether they should have a "fourth bite" at the proverbial apple by taking **yet another** deposition of Ms. Schwendimann for the purpose of asking additional follow-up questions on the Topics already covered. Plaintiffs oppose this duplicative request.

Defendants assert that they should be permitted to ask more questions on the Topics previously covered for two reasons. **First**, they assert that Defendants did not address the topics "in any depth." Def. Ltr., at 1 & 3. As the chart attached demonstrates, this is untrue. For example, during Day 3, Defendants went through every license agreement with Ms. Schwendimann in depth (Ex. 9, at 118-54); yet, they now seek to depose her again on that Topic (28). Moreover, Defendants covered most of the Topics during **multiple days** of deposition. For example, Defendants covered the development of the dark fabric transfer invention extensively during Day 1, and then again on Day 3. Ex. 7, at 7-53; Ex. 9, at 118-67. Defendants addressed the Contact Report in depth both during Day 1 and Day 3. Ex. 7, at 71-87; Ex. 9, at 25-44. Defendants addressed the patents in depth on both Day 1 and Day 2. Ex. 7, at 95-146; Ex. 8, at 7-67. For these reasons, it is simply not true that "Defendants did not address most of these topics in any depth."

**Second**, Defendants assert that they should be permitted to ask additional questions on these Topics because "Ms. Schwendimann had little or no knowledge of the[] Topics." Def. Ltr., at 3. In support, Defendants state that "Ms. Schwendimann answered 'I don't know' at least 180 times."

*Id*. (citing Ex. 7-9). However, the only actual example Defendants cite to was Ms. Schwendimann's answer to "what type of transfer sheet was being used in the marketplace to transfer that image" when the two-step process was being used. Def. Ltr., at 3 (citing Ex. 7, 14:12-16). Ms. Schwendimann testified that she "wouldn't know their formulation or how they composed the sheet" because the **composition** of **a third party's product** is simply not information within NuCoat's possession. Ex. 7, 13:17-19. She did provide testimony about the information **within NuCoat's knowledge** regarding the two-step prior art process. *Id*. at 13:20-23.

Moreover, a careful look at the actual questions on which Ms. Schwendimann answered that she "d[id]n't know" reveals the types of questions on which Ms. Schwendimann lacked knowledge. As discussed above, many of the questions sought information that NuCoat simply does not possess. *See supra* (third parties' formulations). Other times, she did not recall the answer because it was an oral conversation over 20 years ago. E.g., Ex. 7, at 20:6-25 (could not recall which ingredients she suggested using in the late 1990s); Ex. 8, at 169:14-24 (could not recall how many times she spoke to an individual five years ago). In addition, many questions were outside of the Noticed Topics. E.g., Ex. 9, at 116:19-20 (identity of supplier of heat presses to NuCoat). Finally, a number of questions asked about detailed facts it would be impossible to have a witness memorize, but on which Plaintiffs have provided information through discovery. E.g., Ex. 7, at 89:13-21 (testifying she did not know if products sold before and after 2005 had the "exact same formulation," but documents showing each formulation have been produced); *id*. at 195:14-25 & 200:9-11 (testifying she did not know all products sold by code and date sold, but Interrogatory Answer provided information). For these reasons, the fact that Ms. Schwendimann "didn't know" the answer to all of the questions does not show a lack of knowledge or preparation.

Separately, Defendants assert that NuCoat's objections to "contention" Topics (8-11, 16 & 25-27) are untimely. These Topics address contentions, and Defendants agree that "depositions are not the proper vehicle for obtaining a party's contentions." *See* Ex. C. In any event, each of these Topics are also duplicative because Ms. Schwendimann's already testified about them.[1]

Finally, regarding authentication (Topic 31), Plaintiffs agree to stipulate to the authenticity of **Plaintiffs'** emails and documents **created by Plaintiffs** and agree to address other authenticity issues during pre-trial discussions. Plaintiffs trust this resolves the issue with this Topic.

For these reasons, Plaintiffs respectfully request Defendants' motion to compel be denied.[2]

---

[1] The "contention" and "investigation" topics regarding Neenah and Avery (Topics 9-10 & 12-13) were covered in less depth than the same Topics regarding Siser. Plaintiffs do not oppose covering these Topics during the NuCoat deposition, with the understanding that (1) the contentions refer to Defendants' formulations, which cannot be shared with Ms. Schwendimann; and (2) NuCoat's knowledge of the investigations is largely privileged. E.g., Ex. 9, at 46:20-49:11.

[2] If Plaintiffs are compelled to provide additional testimony on one or more of these topics, expenses and fees should not be awarded because Plaintiffs' objection is "substantially justified." Fed. R. Civ. P. 37(a)(5). The only basis for Defendants' argument to the contrary is that Plaintiffs took nine depositions of Defendants. Def. Ltr., at 3. However, as outlined in the Factual Background, Plaintiffs took the same amount of time with Siser's corporate designee (about 20 hours) and took considerably less time with each of Neenah's and Avery's corporate designees (about 16 and 8 hours, respectively).

- 4 -

|  | Respectfully submitted, |
|---|---|
| PADMANABHAN & DAWSON, P.L.L.C. | **BERGER HARRIS LLP** |
| Devan Padmanabhan (admitted pro hac vice) | |
| Michelle Dawson (admitted pro hac vice) | */s/ Peter C. McGivney* |
| Britta Loftus (admitted pro hac vice) | Peter C. McGivney (No. 5779) |
| PWC Plaza | 1105 N. Market Street, 11th Floor |
| 45 South 7th Street, Suite 2315 | Wilmington, DE 19801 |
| Minneapolis, MN 55402 | (302) 655-1140 |
| Telephone: (612) 444-3601 | pmcgivney@bergerharris.com |
| devan@paddalawgroup.com | |
| michelle@paddalawgroup.com | |
| britta@paddalawgroup.com | *Attorneys for Plaintiffs* |

Dated:  October 20, 2021

**Public Version Dated:  October 27, 2021**