IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JODI A. SCHWENDIMANN, f/k/a JODA A.
DALVEY and NUCOAT, INC.,

          Plaintiffs,

          v.

NEENAH, INC.,

          Defendant.

Civil Action No. 19-361-GBW

---

## MEMORANDUM ORDER

Pending before the Court is a dispute between Plaintiffs Jodi A. Schwendimann f/k/a Joda A. Dalvey and Nucoat, Inc. ("Plaintiffs") and Defendant Neenah, Inc. ("Defendant") about the proper construction of the claim term "opaque background," which appears in U.S. Patent No. 7,771,554 (the "'554 Patent"). *See* D.I. 415. Plaintiffs allege Defendant infringes claims 1-6 and 9-11 ("Asserted Claims") of the '554 Patent. The Court held a *Markman* hearing on December 10, 2020. *See* D.I. 132. Before and during the *Markman* hearing, neither party requested construction of "opaque background." The Court has carefully considered the parties' briefing, the intrinsic and extrinsic evidence cited therein, and the record as a whole. D.I. 416; D.I. 417; D.I. 419; D.I. 420. Upon consideration of the full record, the Court issues the following construction of the disputed claim term.[1]

## I.    LEGAL STANDARD

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303,

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

1312 (Fed. Cir. 2005) (en banc) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)); *see also Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257 (Fed. Cir. 1989) ("A claim in a patent provides the metes and bounds of the right which the patent confers on the patentee to exclude others from making, using, or selling the protected invention."). "[T]here is no magic formula or catechism for conducting claim construction." *Phillips*, 415 F.3d at 1324. The Court is free to attach the appropriate weight to appropriate sources "in light of the statutes and policies that inform patent law." *Id.* The ultimate question of the proper construction of a patent is a question of law, although subsidiary fact-finding is sometimes necessary. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 326 (2015); *see also Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 378, 388-91 (1996).

"The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history." *Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citing *Phillips*, 415 F.3d at 1313). A person of ordinary skill in the art "is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313.

"When construing claim terms, [the court] first look[s] to, and primarily rel[ies] on, the intrinsic evidence, including the claims themselves, the specification, and the prosecution history of the patent, which is usually dispositive." *Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1276 (Fed. Cir. 2013). "Other claims of the patent in question, both asserted and unasserted, can . . . be valuable" in discerning the meaning of a disputed claim term, because "claim terms are normally used consistently throughout the patent" and so "the usage of a term in

one claim can often illuminate the meaning of the same term in other claims." *Phillips*, 415 F.3d at 1314 (citing *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001)). In addition, "[d]ifferences among claims can also be a useful guide in understanding the meaning of particular claim terms." *Id.* (citing *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991)). "For example, the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Id.* at 1314-15 (citing *Liebel–Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 910 (Fed. Cir. 2004)).

In addition to the claims, the court should analyze the specification, which "is always highly relevant to the claim construction analysis . . . [as] it is the single best guide to the meaning of a disputed term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). It is also possible that "the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs." *Phillips*, 415 F.3d at 1316 (citing *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002)). "[E]ven when the specification describes only a single embodiment, [however,] the claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using 'words or expressions of manifest exclusion or restriction.'" *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1372 (Fed. Cir. 2014) (quoting *Liebel-Flarsheim*, 358 F.3d at 906). Furthermore, the specification "is not a substitute for, nor can it be used to rewrite, the chosen claim language." *SuperGuide Corp. v. DirecTV Enters., Inc.*, 358 F.3d 870, 875 (Fed. Cir. 2004).

The court "should also consider the patent's prosecution history, if it is in evidence." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995), (citing *Graham v. John Deere Co.*, 383 U.S. 1, 33 (1966)), *aff'd*, 517 U.S. 370 (1996). The prosecution history "can often

3

inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution . . . ." *Phillips*, 415 F.3d at 1317.

In some cases, the court "will need to look beyond the patent's intrinsic evidence and to consult extrinsic evidence in order to understand, for example, the background science or the meaning of a term in the relevant art during the relevant time period." *Teva*, 574 U.S. at 331 (citing *Seymour v. Osborne*, 20 L.Ed. 33 (1871)). Extrinsic evidence "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Markman*, 52 F.3d at 980. Overall, while extrinsic evidence may be useful, it is "less significant than the intrinsic record in determining the legally operative meaning of claim language." *Phillips*, 415 F.3d at 1317 (cleaned up).

## II.    DISCUSSION

The parties dispute the meaning of the claim term "opaque background," which is found in several of the Asserted Claims. Defendant contends that the Court should construe "opaque background" to mean its plain and ordinary meaning, which is "a background that is impenetrable to visible light." D.I. 416 at 4. Plaintiffs, on the other hand, contend that the Court should not construe the claim term because Defendant waived its new claim construction and noninfringement theories by failing to disclose them during discovery. D.I. 417 at 2. Plaintiffs further contend that, if the Court decides to construe "opaque background," then the construction should be "a white or luminescent background." *Id.* at 3.

The Court is not inclined to find waiver where the parties jointly represented that there was "a fundamental dispute over the plain and ordinary meaning of the term 'opaque background.'" D.I. 416 at 1. The stipulation confirms that the parties understood the scope and meaning of the term to be genuinely disputed, and it substantially undercuts Plaintiffs' contention that Defendant

4

had already relinquished its construction of the claim term. The Court therefore turns to the parties' dispute regarding the proper construction of "opaque background."

The Asserted Claims containing the disputed claim term are replicated, in relevant part, below:

> A method for transferring an image to a fabric, comprising:
>
>> obtaining an image transfer sheet, comprising . . ., a titanium oxide or other white or luminescent pigment, . . ., the titanium oxide or other white or luminescent pigment present in a concentration and configuration sufficient to provide **an opaque background** for indicia received by the ink receptive portion; .
>> . . .

'554 Patent, Claim 1 (emphasis added); *see also id.*, Claims 3-4, 9, 11 (similar).

> An image transfer sheet, comprising:
>
>> . . .;
>
>> an EAA resin or polymer . . ., the EAA resin or polymer including one or more pigments providing an **opaque background** for indicia received at least by the ink receptive portion; . . . .

'554 Patent, Claim 6 (emphasis added).

In construing the claim term, the Court first turns to the claim language itself. *Phillips*, 415 F. 3d at 1312-14. In determining the proper construction of a claim term, the context of the surrounding words of the claim is important. *ACTV Inc. v. Walt Disney Co.*, 346 F. 3d 1082, 1088 (Fed. Cir. 2003). The surrounding claim language provides additional details about an "opaque background." For example, Claim 1 states that "the titanium oxide or other white or luminescent pigment present in a concentration and configuration sufficient to provide an opaque background for indicia." '554 Patent, Claim 1; *see also id.*, Claims 3-4, 9, 11 (similar). Claim 6 states "the EAA resin or polymer including one or more pigments providing an opaque background for indicia." '554 Patent, Claim 6. The Federal Circuit has held that a court can "rely[] heavily on

the claim language to construe the claim term," especially when "the claim itself contains a precise definition of the term." *TIP System, LLC v. Phillips & Books/Gladwin, Inc.*, 529 F. 3d 1364, 1369 (Fed. Cir. 2008). As illustrated above, the claim language itself defines and provides context for the term "opaque background." Thus, the claim term is used in a manner that conveys its scope through the surrounding language, including its relationships with other cited elements.

The Court is not persuaded that Plaintiffs' proposed construction – that "opaque background" means "a white or luminescent background" – is proper because it fails to take in account the language of Claim 6, "the EAA resin or polymer including one or more pigments." The claim language explains that the composition of one or more pigments provides an opaque background, which supplies sufficient context for a person of ordinary skill in the art to understand the term's meaning. *Celgene Corp. v. Hetero Labs Ltd.*, No. CV173387ESMAH, 2020 WL 3249117, at *9 (D.N.J. June 16, 2020) ("[A] plain and simple reading of the claim terms cannot deviate from the objective base line from which to begin claim interpretation; that is, how a person of ordinary skill in the art understands a claim term."). Thus, the Court concludes that "opaque background" should be construed according to its plain and ordinary meaning – i.e. "a background that is impenetrable to light."

Importantly, Defendant highlights that, during an *inter partes* review proceeding for a related patent [2], Plaintiffs asked the United States Patent and Trademark Office's Trial and Appeal Board ("PTAB") to apply "[t]he plain and ordinary meaning of opaque [which] is 'impenetrable to light' – i.e., you can't see through it." D.I. 416-1, Ex. 7 at 12-15. [3] Plaintiffs respond that the

---

[2] The related patent is U.S. Patent No. 7,766,475, which is in the same family and shares a common specification with the '554 Patent.

[3] The PTAB found that Plaintiffs had waived their argument because it was untimely. *Stahl's Inc. v. Jodi A Schwendimann, f/k/a Jodi A. Dalvey, and Nucoat, Inc.*, No. 27 at 30 n.11, IPR2020-01122

Court should "reject" Defendant's theory because, even if Plaintiffs previously advanced that construction, "it is not dispositive," as judicial estoppel does not apply. D.I. 419 at 3. Plaintiffs are correct that the statements are not dispositive; however, "statements made by a patent owner during an IPR proceeding . . . can be considered for claim construction." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017). In addition to the analysis of the claim language above, Plaintiffs' statements further support the Court's conclusion that "opaque background" should be construed to its plain and ordinary meaning, which is "a background that is impenetrable to light."

The Court next turns to the specification, which is of limited utility because it does not set forth an explicit definition of "opaque background." The parties acknowledge that the claim term does not appear in the specification. *See* D.I. 416 at 2; D.I. 417 at 3. However, Plaintiffs contend that the specification nonetheless supports their proposed construction because the "opaque background" is described only using the phrase "white background" or "white or luminescent background." D.I. 417 at 3-4. The Court is not persuaded and finds that Plaintiffs' argument seeks to import limitations from the specification into the claim. *See Hill-Rom Servs., Inc.*, 755 F.3d at 1371 ("While we read claims in view of the specification, of which they are a part, we do not read limitations from the embodiments in the specification into the claims."); *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 318 F.3d 1143, 1148 (Fed. Cir. 2003) ("Notwithstanding the fact that the claim language must be examined in light of the written description, limitations may not be read into the claims from the written description."). Nothing in the specification demonstrates a lexicographic definition or clear intent to disavow or limit the "opaque background" from its ordinary and

---

(P.T.A.B. Dec. 14, 2021). The PTAB further found that, even if it were to consider the argument, there was no reason to separately construe the term "opaque." *Id.*

customary meaning. Thus, the specification provides further support for construing "opaque background" according to its plain and ordinary meaning.

For the reasons discussed above, the Court finds that the claim term is adequately supported by, and readily understandable in light of, the intrinsic evidence, and construes "opaque background" according to its plain and ordinary meaning, i.e. "a background that is impenetrable to light."

\* \* \* \* \*

WHEREFORE, at Wilmington this 9th day of July 2026, **IT IS HEREBY ORDERED** that "opaque background" shall be construed according to its plain and ordinary meaning, i.e. "a background that is impenetrable to light."

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

8